**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movants Tamar Wisner*
*and William Hackett*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVAR LILES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN,<br><br>Defendants. | Case No.: 3:25-cv-02915-RFL<br><br>**TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:  July 1, 2025<br>Time:  10:00 a.m.<br>Courtroom:  15-18th Floor<br>Judge:  Hon. Rita F. Lin |

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................................ 1

II.     ARGUMENT ........................................................................................................................ 3

      A.      The PSLRA Process for Selecting a Lead Plaintiff. ........................................................ 3

      B.      Mr. Wisner and Mr. Hackett Are the "Most Adequate" Lead Plaintiff. ......................... 4

          1.      *Mr. Wisner and Mr. Hackett Possess the "Largest Financial Interest"* . .......... 4

          2.      *Mr. Wisner and Mr. Hackett Satisfy Rule 23's Typicality and Adequacy Requirements.* ................................................................................................... 7

      C.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Wisner and Mr. Hackett as Co-Lead Plaintiffs. .......................................................................... 10

III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL .................. 11

IV.     CONCLUSION .................................................................................................................. 11

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

**TABLE OF AUTHORITIES**

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,

No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18,

2013) ...................................................................................................................................3, 4

*Applestein v. Medivation, Inc.*,

No. C 10-00998 MHP, 2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sep. 17, 2010)...........................6

*In re Aqua Metals Sec. Litig.*,

No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018) .........................1

*In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*,

No. MDL 09-02014 JSW, 2009 U.S. Dist. LEXIS 81946 (N.D. Cal. Aug. 26,

2009) ........................................................................................................................................9

*Basic v. Levinson*,

485 U.S. 224 (1988).................................................................................................................6

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002) ...........................................................................................3, 4, 10

*China Agritech, Inc. v. Resh,*

138 S. Ct. 1800 (2018).............................................................................................................9

*Crawford v. Honig*,

37 F.3d 485 (9th Cir. 1994) .....................................................................................................8

*Crews v. Rivian Auto., Inc.*,

No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1,

2022) ........................................................................................................................................4

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

*Doherty v. Pivotal Software, Inc.,*

No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8,

2019) ..................................................................................................................................3

*Dura Pharmaceuticals, Inc. v. Broudo,*

544 U.S. 336 (2005)..........................................................................................................5

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................................7

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

903 F.2d 176 (2d Cir. 1990)..............................................................................................7

*Hufnagle v. Rino Int'l Corp.*,

No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14,

2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D.

Cal. Feb. 16, 2011)...........................................................................................................10

*Johnson v. OCZ Tech. Grp.*,

No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ................9

*Knox v. Yingli Green Energy Holding Co. Ltd.*,

136 F. Supp. 3d 1159 (C.D. Cal. 2015) ............................................................................1

*Landry v. Price Waterhouse Chartered Accountants*,

123 F.R.D. 474 (S.D.N.Y.1989) .......................................................................................7

*Lax v. First Merchants Acceptance Corp.*,

No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..........................4

*Marjanian v. Allied Nev. Gold Corp.*

No. 3:14-cv-0175-LRH-WGC, 2014 U.S. Dist. LEXIS 203290 (D. Nev. Nov. 7,

2014) ..................................................................................................................................6

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

*Mustafin v. Greensky, Inc.*,

  No. 18-11071, 2019 U.S. Dist. LEXIS 55296 (S.D.N.Y. Mar. 29, 2019) ........................................9

*In re Olsten Corp. Securities Litig.*,

  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...............................................................................................4

*In re Peregrine Sys., Inc. Sec. Litig.*,

  No. CIV.02 CV 870-J(RBB), 2002 U.S. Dist. LEXIS 27690 (S.D. Cal. Oct. 11,

  2002) ...............................................................................................................................................7

*Petrie v. Elec. Game Card, Inc.*,

  No. SACV 10-0252 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283 (C.D. Cal. June

  4, 2010) ...........................................................................................................................................9

*In re Petrobras Sec. Litig.*,

  104 F. Supp. 3d 618 (S.D.N.Y. 2015)............................................................................................7

*Robb v. Fitbit Inc.*,

  Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) .....................1

*Sallustro v. Cannavest Corp.*,

  93 F. Supp. 3d 265 (S.D.N.Y. 2015)..............................................................................................6

*Scheller v. Nutanix, Inc.,*

  No. 19-cv-01651-WHO, 2021 U.S. Dist. LEXIS 112372 (N.D. Cal. June 10, 2021) .....................6

*Schriver v. Impac Mortgage Holdings, Inc.*,

  Nos. SACV 06-31 CJC (RNBx), et. al., 2006 U.S. Dist. LEXIS 40607 (C.D. Cal.

  May 1, 2006)....................................................................................................................................9

*In re Stitch Fix, Inc. Sec. Litig.*,

  393 F. Supp. 3d 833 (N.D. Cal. 2019) ...........................................................................................3

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

*Takeda v. Turbodyne Techs., Inc.*,

    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ........................................................................2

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,

    No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29,

    2017) ........................................................................................................................5

**<u>Statutes</u>**

15 U.S.C. § 78u-4 ..............................................................................................*passim*

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Tamar Wisner and William Hackett are the "most adequate plaintiff" because they are the movants with the largest financial interest and otherwise satisfy the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest weight in determining which movant has the largest financial interest. *Id*. (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

As the following table demonstrates, Mr. Wisner and Mr. Hackett possess the largest financial interest in the Action under all four *Olsten/Lax* factors, including the most important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Recoverable Losses |
|---|---|---|---|---|
| Tamar Wisner and William Hackett | 262,720 | 87,820 | $1,357,815.48 | $544,721.36 |
| *Tamar Wisner* | 75,820 | 50,820 | $753,424.21 | $282,899.92 |
| *William Hackett* | 186,900 | 37,000 | $604,391.27 | $261,821.44 |
| St. John Family Trust U/A DTD 08/19/1991 and Payal Dave | 122,632 | 24,537 | $631,956.50 | $398,104.00 |
| *St. John Family Trust U/A DTD 08/19/1991* | 15,100 | 15,100 | $372,144.03 | $225,372.03 |
| *Payal Dave* | 107,532 | 9,437 | $259,812.47 | $172,731.97 |
| Samih Ramiz | 1,370,180 | 58,794 | $868,706.90 | $229,016.27 |
| Joseph Kandel | 5,673 | 2,750 | $59,574.49 | $34,109.49 |

*See* ECF Nos. 10-4; 13-2; 18-3; 21-3; 24-3; and 28-1.[1]

With over $145,000 more losses than the next closest movant group, St. John Family Trust U/A DTD 08/19/1991 and Payal Dave, and over $225,000 more losses than the next movant, Samih Ramiz, there can be no dispute that Mr. Wisner and Mr. Hackett hold the "largest financial interest" in the Action and are, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Not only did they have the largest collective loss, but Mr. Wisner suffered the largest individual loss out of any movant once Mr. Ramiz is disqualified for this atypical trading method.

Moreover, Mr. Wisner and Mr. Hackett have made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Mr. Wisner and Mr. Hackett are typical of the other class members insofar as they acquired SoundHound AI, Inc. ("SoundHound" or the "Company") securities during the Class Period and were damaged as a result. Mr. Wisner and Mr.

---

[1] There were two additional movants, Robert Sternquist III and Frank Lint. However, on June 9 and 10, 2025, Messrs. Sternquist and Lint withdrew their motions in recognition of the fact that they did not have the "largest financial interests" in the outcome of the litigation. *See* ECF Nos. 33, 34.

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

Hackett do not have any interests adverse to the class and, as demonstrated in the joint declaration accompanying their motion, are ideally suited to serve as the co-lead plaintiffs given their educational background and experience overseeing attorneys. *See* ECF No. 21-5.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Wisner and Mr. Hackett are entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Mr. Wisner and Mr. Hackett are somehow atypical or inadequate, they are entitled to be appointed as the co-lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Wisner and Mr. Hackett respectfully request that the Court grant their motion in its entirety and deny the competing motions.

## II. ARGUMENT

### A. The PSLRA Process for Selecting a Lead Plaintiff.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig*., 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id.* (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

### B. Mr. Wisner and Mr. Hackett Are the "Most Adequate" Lead Plaintiff.

#### 1. *Mr. Wisner and Mr. Hackett Possess the "Largest Financial Interest"* .

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Wisner and Mr. Hackett are entitled to that presumption because, relative to the other movants, Mr. Wisner and Mr. Hackett's losses are far greater, with Mr. Wisner suffering the largest individual loss out of any movant. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most

emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). In this instance, Mr. Wisner and Mr. Hackett are the movants with the largest loss under all four factors, including the most important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Recoverable Losses |
|---|---|---|---|---|
| Tamar Wisner and William Hackett | 262,720 | 87,820 | $1,357,815.48 | $544,721.36 |
| *Tamar Wisner* | 75,820 | 50,820 | $753,424.21 | $282,899.92 |
| *William Hackett* | 186,900 | 37,000 | $604,391.27 | $261,821.44 |
| St. John Family Trust U/A DTD 08/19/1991 and Payal Dave | 122,632 | 24,537 | $631,956.50 | $398,104.00 |
| *St. John Family Trust U/A DTD 08/19/1991* | 15,100 | 15,100 | $372,144.03 | $225,372.03 |
| *Payal Dave* | 107,532 | 9,437 | $259,812.47 | $172,731.97 |
| Samih Ramiz | 1,370,180 | 58,794 | $868,706.90 | $229,016.27 |
| Joseph Kandel | 5,673 | 2,750 | $59,574.49 | $34,109.49 |

*See* ECF Nos. 10-4; 13-2; 18-3; 21-3; 24-3; and 28-1.

Mr. Wisner and Mr. Hackett expended over $725,000 more and lost nearly $145,000 more as compared to the next closest movant group, St. John Family Trust U/A DTD 08/19/1991 and Payal Dave. Mr. Wisner alone suffered the largest loss out of any movant, with 75,820 shares purchased, 50,820 net shares retained, $753,424.21 funds expended, and $282,899.92 in losses. Accordingly, Mr. Wisner and Mr. Hackett have the largest financial interest in this matter.

Movant Ramiz may claim to possess the largest individual financial interest in the action, meaning that he sustained a greater loss than any other individual movant (*e.g.*, Mr. Wisner or Mr. Hackett). This is not correct. While Mr. Ramiz claims to have sustained a loss of $319,561, he is actually only entitled to recover approximately $229,016.27 pursuant to *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005). This is because a shareholder in a securities fraud action may only recover losses causally related to the alleged fraud. Approximately 30% of Mr. Ramiz's claimed loss

is unattributable to the alleged loss as intra-class period transactions. *See, e.g., Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (collecting cases); *Marjanian v. Allied Nev. Gold Corp.,* No. 3:14-cv-0175-LRH-WGC, 2014 U.S. Dist. LEXIS 203290, at *17 (D. Nev. Nov. 7, 2014) ("This figure includes sales of the stock that occurred . . . before Allied Nevada revealed their misrepresentations . . . . Including these sales in the calculation of total losses risks what *Dura* sought to prevent: loss figures that take into account not just losses caused by the fraud, but also 'changed economic circumstances, changed investor expectations, new industry-specific or firm specific facts, conditions, or other events, which taken separately or together account for some or all of that lower price.'") (citations omitted).

Mr. Ramiz's transaction history also subjects him to unique defenses, thereby rendering him inadequate to serve as the class representative. Indeed, the majority of Mr. Ramiz's  trading  in SoundHound took place within a period of 50 calendar days beginning on November 6, 2024 and ending on December 26, 2024. During this time period, Mr. Ramiz opened and closed his position in SoundHound 39 times via a combination of day trades (purchase and sale of a security on the same day) and swing trading (a position held short/mid-term to take advantage of normal market fluctuations). Courts routinely disqualify movants who engage in day-trading conduct because it suggests that they did not rely on public information when buying or selling securities. An absence of reliance will destroy a plaintiff's ability to maintain the *Basic* presumption of reliance at the class certification stage. Reliance is a necessary element for the application of the "fraud on the market" doctrine under  *Basic Inc. v. Levinson*, 485 U.S. 224, 228 (1988), and the Section 10(b) and Rule 10b-5 claims asserted against Defendants. *See Scheller v. Nutanix, Inc.,* No. 19-cv-01651-WHO, 2021 U.S. Dist. LEXIS 112372, at *17 (N.D. Cal. June 10, 2021) (disqualifying movant in light of "fraud-on-market reliance" arguments); *Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 U.S. Dist. LEXIS 98255, at *10 (N.D. Cal. Sep. 17, 2010) (disqualifying movant based on "serious concerns

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

about his typicality and about his susceptibility to the defense that he was trading in response to information other than the alleged misstatements and omissions"); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (finding movant inadequate where "transactions raise serious questions regarding [movant's] reliance on the alleged misrepresentations and omissions.") (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179 (2d Cir. 1990)); *In re Peregrine Sys., Inc. Sec. Litig.*, No. CIV.02 CV 870-J(RBB), 2002 U.S. Dist. LEXIS 27690, at *33 (S.D. Cal. Oct. 11, 2002) ("[W]hether plaintiffs actually relied on such information in their decision to purchase, [is a] difficult factual questions which cannot be resolved at this stage of the litigation. However, whether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.") (quoting *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y.1989)). Based on Mr. Ramiz's trading, he does not appear to have relied on Defendants' public statements and will consequently render the class vulnerable to attacks at class certification and trial.

### 2. *Mr. Wisner and Mr. Hackett Satisfy Rule 23's Typicality and Adequacy Requirements.*

Not only do Mr. Wisner and Mr. Hackett possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but they also satisfy the typicality and adequacy prongs of Rule 23, requiring their appointment as co-lead plaintiffs.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (internal quotations removed). Mr. Wisner and Mr. Hackett's claims are typical of those of other Class members because, like other Class members, they acquired SoundHound securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the

Actions. Moreover, Mr. Wisner and Mr. Hackett's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Wisner and Mr. Hackett must make a preliminary showing that their interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between their interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Wisner and Mr. Hackett have no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Wisner and Mr. Hackett's interest and those of the Class.

Finally, Mr. Wisner and Mr. Hackett have further demonstrated their adequacy by submitting a joint declaration in support of their Motion, attesting to their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as co-lead plaintiffs, their shared desire to obtain the best result for the Class, and

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

the steps that they will take to supervise this litigation.[2] *See* ECF No. 21-5. Mr. Wisner lives in Houston, Texas and possesses an associate degree. *Id.* at ¶3. Mr. Wisner is currently employed as a defense contractor for the U.S. military. *Id*. He has been investing in securities for five years. *Id*. Further, he has experience hiring and overseeing attorneys for personal matters. *Id*.[3] Mr. Hackett resides in Greenwood, Indiana and has been investing in securities for over 35 years. *Id.* at ¶4. Mr. Hackett is currently retired, but prior to that, was employed in the corrugated packaging industry as Regional Vice President *Id.* Mr. Hackett has experience hiring and overseeing attorneys in connection with an employment matter. *Id*. Further, in their certifications and joint declaration, Mr. Wisner and Mr.

---

[2] As courts within this Circuit and throughout the country have recognized, the PSLRA expressly endorses the appointment of a group of class members as lead plaintiff where, as here, the group is small and therefore presumably cohesive and when there has been a showing of a willingness and ability to manage the litigation. 15 U.S.C. §78u-4(a)(3)(B)(i)-(iii); *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, No. MDL 09-02014 JSW, 2009 U.S. Dist. LEXIS 81946, at *9-10 (N.D. Cal. Aug. 26, 2009) (noting movants demonstrated their adequacy to serve as lead plaintiffs by "submitting declarations attesting that they will work together to monitor the litigation and to ensure that the litigation is efficiently prosecuted."); *Schriver v. Impac Mortgage Holdings, Inc.*, Nos. SACV 06-31 CJC (RNBx), et. al., 2006 U.S. Dist. LEXIS 40607, at *30 n.11, *33 (C.D. Cal. May 1, 2006) (appointing a group that submitted such a joint declaration); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *8 (N.D. Cal. Jan. 4, 2013)("Small, cohesive groups similar to the [movant group] are routinely appointed Lead Plaintiff in securities actions where they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel"); *China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *Mustafin v. Greensky, Inc.*, No. 18-11071, 2019 U.S. Dist. LEXIS 55296, at *15 (S.D.N.Y. Mar. 29, 2019) ("[T]he PLSRA...expressly permits 'a group of persons' to be appointed lead plaintiff."); *Petrie v. Elec. Game Card, Inc.*, No. SACV 10-0252 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283, at *6-7 (C.D. Cal. June 4, 2010) (appointing group of three individual investors as lead plaintiff where a constituent member had largest loss as to any other competing individual: "This is not a case where individual investors use aggregation to push ahead of an individual investor whom, taken individually, who have a greater financial loss than them.").

[3] On June 10, 2025, counsel for movants St. John Family Trust U/A DTD 08/19/1991 and Payal Dave inquired with the undersigned about Mr. Wisner's past criminal history. Counsel's inquiry relates to unfortunate events that occurred many years ago that in no way relate to the facts of this case or Mr. Wisner's ability to serve as an adequate class representative. *See Chupa v. Armstrong Flooring, Inc.,* No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *13 n.4 (C.D. Cal. Mar. 2, 2020) (rejecting request for discovery stemming from twenty-year-old felony conviction).

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

Hackett state their familiarity with, and willingness to take on, the duties of co-lead plaintiffs and class representatives under the PSLRA and Rule 23. *See* ECF Nos. 21-2; 21-5 (PSLRA Certifications & Joint Declaration).

Mr. Wisner and Mr. Hackett, therefore, are the movants for lead plaintiff that have the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Wisner and Mr. Hackett are entitled to the presumption that they are the "most adequate plaintiff" and that they should be appointed as co-lead plaintiffs. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C. No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Wisner and Mr. Hackett as Co-Lead Plaintiffs.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Wisner and Mr. Hackett have fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Wisner and Mr. Hackett, therefore, are entitled to the presumption that they shall be appointed as the co-lead plaintiffs in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Wisner and Mr. Hackett's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Wisner and Mr. Hackett "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Wisner and Mr. Hackett are entitled to be appointed as the co-lead plaintiffs. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

competing movants failed to submit proof of unique defense). This is something that the other movants cannot do. Accordingly, Mr. Wisner and Mr. Hackett's motion should be granted in its entirety.

## III. LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL

This Court should approve Mr. Wisner and Mr. Hackett's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 21-6. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Mr. Wisner and Mr. Hackett respectfully requests that this Court: (1) appoint Mr. Wisner and Mr. Hackett as Co-Lead Plaintiffs for the Class in the actions; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: June 10, 2025                          Respectfully submitted,

                                              **LEVI & KORSINSKY, LLP**

                                              */s/ Adam M. Apton*
                                              Adam M. Apton (SBN 316506)
                                              1160 Battery Street East, Suite 100
                                              San Francisco, CA 94111
                                              Tel: (415) 373-1671
                                              Email: aapton@zlk.com

                                              *Attorneys for Tamar Wisner and William Hackett, and Proposed Lead Counsel for the Class*

TAMAR WISNER AND WILLIAM HACKETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL