Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Samih Ramiz*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREVAR LILES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN, <br><br> Defendants. | Case No. 5:25-cv-02915-RFL <br><br> **SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> <u>**CLASS ACTION**</u> <br><br> Judge: Hon. Rita F. Lin <br> Date:    July 1, 2025 <br> Time:   10:00 a.m. <br> Courtroom:   15 – 18th Floor |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 5

I.      WISNER AND HACKETT AND THE TRUST AND DAVE ARE IMPROPER LAWYER-DRIVEN GROUPS ................................................................................. 5

II.     WISNER AND HACKETT AND THE TRUST AND DAVE FAIL TO SATISFY THE PSLRA'S REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF UNDER RULE 23 ............................................................................................. 8

     A.     Wisner's Apparent Prior Felonies Render Him An Inadequate Fiduciary To Represent The Interests Of The Class ................................................ 8

     B.     Wisner's Lack Of Candor In His PSLRA Certification Disqualifies Him ............ 9

     C.     Mr. Winn Failed To Demonstrate His Authority To Act As Trustee To Bring Claims On Behalf Of The Class ................................................................ 10

III.    RAMIZ'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED ................................................................................. 11

CONCLUSION ................................................................................................................. 13

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Apple v. LJ Int'l Inc.*,
    No. CV 07-6076 GAF, 2008 WL 11343371 (C.D. Cal. Feb. 8, 2008)......................................7

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) .............................................................................6

*Bhojwani v. Pistiolis*,
    No. 06 Civ. 13761(CM)(KNF), 2007 WL 2197836 (S.D.N.Y. June 26, 2007) .....................11

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975).............................................................................................11

*Bodri v. GoPro, Inc.*,
    No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) .....................................5

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*,
    127 F. Supp. 2d 572 (D.N.J. 2001) ....................................................................................11

*Clifton v. Willis*,
    No. 22-cv-03161-DDD-JPO, 2024 WL 1508832 (D. Colo. Mar. 5, 2024) ............................10

*In re Cloudera, Inc. Sec. Litig.*,
    No. 19-CV-03221-LHK, 2019 WL 6842021 (N.D. Cal. Dec. 16, 2019) .........................2, 3, 7

*Crawford v. Onyx Software Corp.*,
    No. C01-13461, 2002 WL 356760 (W.D. Wash. Jan. 10, 2002)...........................................6

*Eichenholtz v. Verifone Holdings, Inc.*,
    No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)..................................3, 6

*In re Enron Corp., Sec. Litig.*,
    206 F.R.D. 427 (S.D. Tex. 2002)........................................................................................7

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
    209 F.R.D. 447 (C.D. Cal. 2002) .......................................................................................6

*Hall v. Nat'l Recovery Sys. Inc.*,
    No. 96-132-CIV-T-17(C), 1996 WL 467512 (M.D. Fla. Aug. 9, 1996) ................................8

*Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*,
    354 F. Supp. 2d 18 (D. Mass. 2000) ..................................................................................7

*Inchen Huang v. Depomed, Inc.*,
    289 F. Supp. 3d 1050 (N.D. Cal. 2017) ..............................................................................3

*Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*,
    No. 2:24-cv-04566-CBM-PVC, 2025 WL 29449 (C.D. Cal. Jan. 2, 2025) ..............................6

*Isaacs v. Musk*,
    No. 18-cv-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ..........................7, 8, 9

*Lemanik, S.A. v. McKinley Allsopp, Inc.*,
    125 F.R.D. 602 (S.D.N.Y. 1989) ................................................................................10, 11

*In re Level 3 Commc'ns, Inc. Sec. Litig.*,
    No. 09-CV-00200-PAB-CBS, 2009 WL 10684924 (D. Colo. May 4, 2009).........................8

*In re Network Assocs., Inc., Sec. Litig.*,
    76 F. Supp. 2d 1017 (N.D. Cal. 1999) ...........................................................................4, 5, 9

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002)...........................................................................................8

*Schleicher v. Wendt*,
    No. 1:02-cv-1332-DFH-TAB, 2009 WL 761157 (S.D. Ind. Mar. 20, 2009) ...........................9

*Schriver v. Impac Mortg. Holdings, Inc.*,
    No. SACV 06-31 CJC (RNBx), 2006 WL 6886020 (C.D. Cal. May 2, 2006) ........................7

*Sneed v. AcelRX Pharms., Inc.*,
    No. 21-cv-04353-BLF, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021)..............................4, 10

*In re Spectrum Pharms., Inc. Sec. Litig.*,
    No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162 (D. Nev. Mar. 20, 2014) ......................5

*In re Surebeam Corp. Sec. Litig.*,
    No. 03 CV 1721JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004)................................8

*In re Terayon Commc'ns Sys, Inc.*,
    No. C 00-01967 MHP, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004).....................................10

*Villare v. ABIOMED, Inc.*,
    No. 19 Civ. 7319 (ER), 2020 WL 3497285 (S.D.N.Y. June 29, 2020) ..............................4, 9

*Xianglin Shi v. Sina Corp.*,
    No. 05 Civ. 2154(NRB), 2005 WL 1561438 (S.D.N.Y. July 1, 2005)................................4, 9

*Zucker v. Zoran Corp.*,
    No. C 06-04843 WHA, 2006 WL 3591156 (N.D. Cal. Dec. 11, 2006) ..................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................2, 10, 11

iii

Texas Penal Code § 32.21......................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 17(a) ............................................................................................................10

Anne Cullen,
   *More Judges Are Demanding Diversity Among Class Counsel*,
   Law360 (July 16, 2020) ...................................................................................................12

Ralph Chapoco,
   *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
   Bloomberg Law (July 30, 2020) ......................................................................................12

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**

Samih Ramiz ("Ramiz") respectfully submits this memorandum of law in opposition to the competing lead plaintiff motions and in further support of his motion for an Order: (1) appointing Ramiz as Lead Plaintiff in the above-captioned action; (2) approving Ramiz's selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.[1]

**INTRODUCTION**

On May 27, 2025, six motions and eight certifications were filed with this Court for appointment as lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA to represent a class of shareholders of SoundHound AI, Inc. ("SoundHound" or the "Company") in this Action. *See* ECF No. 9 at 1 (Robert Eugene Sternquist III, individually and as trustee of the Robert E. Sternquist III Trust u/a/d September 19, 2018 (together, "Sternquist")), ECF No. 13-1, Decl. of Jennifer L. Joost in Support of Sternquist Motion, Ex. A;[2] ECF No. 10 at 1 (Ramiz), ECF No. 10-2, Omoto Decl., Ex. A; ECF No. 18 at 1 (the St. John Family Trust U/A DTD 08/19/1991 and Payal Dave (together, the "Trust and Dave")), ECF No. 18-5, Declaration of Jennifer Pafiti, Esq. in Support of Trust and Dave Motion ("Pafiti Decl."), Ex. C; ECF No. 21 at 1 (Tamar Wisner and William Hackett (together, "Wisner and Hackett")), ECF No. 21-2, Declaration of Adam M. Apton in Support of Wisner and Hackett Motion ("Apton Decl."), Ex. A; ECF No. 24 at 1 (Joseph Kandel ("Kandel")), ECF No. 24-2, Declaration of Melissa A. Fortunato in Support of Kandel Motion, Ex. A; and ECF No. 28 at 1 (Frank Lint ("Lint")), ECF No. 28-1, Declaration of Betsy Manifold in Support of Lint Motion at 5-7, Ex. A. The movants argued that they should be

---

[1] All terms not otherwise defined herein shall have the same meaning as those terms in the Notice of Motion and Motion of Samih Ramiz for Appointment as Lead Plaintiff and Approval of Lead Counsel; Memorandum of Points and Authorities in Support Thereof ("Opening Brief"). ECF No. 10. All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted. The "Omoto Decl." is defined as the Declaration of Lisa T. Omoto in Support of the Opening Brief. ECF No. 10-1.

[2] On June 9, 2025, Sternquist filed a notice withdrawing his lead plaintiff motion and therefore is out of contention and not considered herein. ECF No. 33. On June 10, 2025, Lint and Kandel filed notices acknowledging that neither of them has the largest financial interest and that they do not oppose the competing motions. Lint and Kandel are therefore out of contention and are not considered herein. ECF Nos. 34, 35.

1

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**

appointed lead plaintiff on the grounds that each movant had the largest losses and otherwise met the adequacy and typicality requirements of Fed. R. Civ. P. 23, as mandated by the PSLRA.

**<u>Of all the movants only Ramiz has demonstrated that he possesses the largest financial interest and meets Rule 23's adequacy requirements. Ramiz should therefore be appointed lead plaintiff for this case.</u>**

The PSLRA directs courts to appoint as lead plaintiff the movant who is "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). A movant with the "largest financial interest in the relief sought by the class" *and* who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" is presumptively the most adequate movant. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  If the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class[,]" that movant will be unable to satisfy the Rule 23 requirements.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Two movants with no pre-litigation relationship who appear to have been cobbled together by their attorneys **on the same day** that lead plaintiff motions were due - Wisner and Hackett and the Trust and Dave - have aggregated their SoundHound transactions to claim the largest losses. Their motions should be denied. While a group of shareholders may under certain circumstances be appointed lead plaintiff, the group must still establish that its members will be able to function cohesively to monitor counsel and make critical litigation decisions as a group. *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 WL 6842021, at *6 (N.D. Cal. Dec. 16, 2019).   Neither Wisner and Hackett nor the Trust and Dave have done so.  Further, their certifications do not indicate any prior relationship or justification for joining a group other than to artificially aggregate losses for purposes of appointment as lead plaintiff.  As fully briefed below, this is one of the reasons for many courts' admonitions against lawyer-driven litigation, and one of the reasons many courts reject quickly thrown together "groups."

2

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**

Wisner and Hackett and the Trust and Dave appear to have been brought together at the last minute on the due date for lead plaintiff motions – May 27, 2025 – by their attorneys. The Trust signed its PSLRA certification on that date and the Joint Declaration with Dave is dated May 27, 2025. Pafiti Decl., Exs. C, D, ECF Nos. 18-5, 18-6. Similarly, Wisner signed his PSLRA certification on May 27, 2025 and signed a Joint Declaration with Hackett on that same date. Apton Decl., Exs. A, D, ECF Nos. 21-2, 21-5.  Reflective of their last-minute joint filing, neither group adequately explains in their joint declarations how they will tackle "massive coordination and strategic issues" likely to arise. *Cloudera*, 2019 WL 6842021, at *6. These are exactly the types of deficiencies courts in the Ninth Circuit find are a basis to reject a group's joint filing. *See e.g., Eichenholtz v. Verifone Holdings, Inc.,* No. C07-06140MHP, 2008 WL 3925289, at *7–9 (N.D. Cal. Aug. 22, 2008).

Moreover, in considering whether to appoint a group of investors as co-lead, courts will consider individual group member losses to determine if there is a group member who alone has the largest financial interest. *See Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1054 (N.D. Cal. 2017). In this case, Ramiz is the clear winner:

| Movant | Individual Losses |
|---|---|
| **Samih Ramiz** | **$319,561.32** |
| Tamar Wisner | $282,899.92 |
| William Hackett | $261,821.45 |
| The St. John Family Trust | $225,448.00 |
| Payal Dave | $172,657.00 |

3

SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL

The Wisner and Hackett motion also should be denied because Wisner appears to have several felony convictions, including for forgery of a financial instrument.[3] A movant's conviction for crimes involving trustworthiness can be disqualifying.  *See e.g.,  Villare v. ABIOMED, Inc.*, No. 19 Civ. 7319 (ER), 2020 WL 3497285, at *7 (S.D.N.Y. June 29, 2020) (rejecting movant who was arrested and charged with health care claims fraud and Medicaid fraud); *Xianglin Shi v. Sina Corp.*, No. 05 Civ. 2154(NRB), 2005 WL 1561438, at *4–5 (S.D.N.Y. July 1, 2005) (rejecting movant who was a felon convicted of providing false information to a financial institution); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999) (rejecting movant that was under investigation for criminal fraud).

Wisner's apparent involvement in criminal fraudulent conduct – which, if true, **was also not disclosed up front to the Court** -  again implicates his trustworthiness and should preclude him from serving as a representative on behalf of a class of aggrieved investors who suffered damages as a result of alleged fraud. *See e.g., Sneed v. AcelRX Pharms., Inc.*,No. 21-cv-04353-BLF, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021) ("Dupre's prior offenses, combined with his lack of candor to his attorney and the Court, lead the Court to conclude that Dupre is an inadequate class representative, and thus that Sneed and Musry have rebutted his status as presumptive lead plaintiff").

The Trust and Dave lead plaintiff motion also is deficient and should be rejected because Matthew Winn, the purported trustee of the Trust, failed to provide sufficient information regarding the Trust to evaluate its adequacy, including the decision mechanism for investing in the stock, who made the investment decisions for the trust, and the identity of the beneficiaries.

In stark contrast to the competing movants, Ramiz meets all of Rule 23's typicality and adequacy requirements.  Ramiz, a U.S. citizen residing in Delray Beach, Florida, has a master's degree in engineering and spent twenty years working as a consultant for different multi-billion-

---

[3]    Based on research conducted by Ramiz counsel, a Tamar Wisner pled guilty to the felony of forgery of a financial instrument (case number7473335 in Fort Bend Texas) and plead guilty to a felony of robbery-threats, (Case number 164299901010 in Harris County Texas).

4

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**

dollar corporations within the renewable energy space. *See* Omoto Decl., Ex. D ¶¶ 2-4, ECF No. 10-5. Ramiz has been making his own decisions investing in the stock market for a number of years, (*id.* ¶¶ 5, 6), and he understands and appreciates the duties and responsibilities of being lead plaintiff, including fiduciary duties owed to the class. *Id.* ¶ 7.

At bottom, Ramiz is the most adequate shareholder who suffered the largest losses on his investments in SoundHound and respectfully requests this Court grant his Motion to be appointed Lead Plaintiff and approve his selection of the Faruqi Firm to act as Lead Counsel.

## ARGUMENT

### I. WISNER AND HACKETT AND THE TRUST AND DAVE ARE IMPROPER LAWYER-DRIVEN GROUPS

Wisner and Hackett and the Trust and Dave should be disqualified because its members are investors who admittedly lack any pre-litigation relationship and were cobbled together by their counsel for the sole purpose of achieving the largest financial interest in this action. *See* Apton Decl., Ex. D, ECF No. 21-5 and Pafiti Decl., Ex. D, ECF No. 18-6.

The purpose behind the PSLRA is to "to prevent lawyer-driven securities litigation by placing a real party-in-interest in charge of the litigation." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 WL 3591156, at *2 (N.D. Cal. Dec. 11, 2006). This purpose is "undermined" when a group cannot establish that its formation "was driven by some mechanism other than the same law firm that the group intends to nominate as lead counsel." *In re Spectrum Pharms., Inc. Sec. Litig.*, No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162, at *3 (D. Nev. Mar. 20, 2014); *Network Assocs.*, 76 F. Supp. 2d at1023 ("[t]o allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation.").

In light of these goals, courts within the Ninth Circuit reject groups of unrelated investors, who were brought together by their counsel, which cannot demonstrate that they will act with cohesion. *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *4 (N.D. Cal. Apr. 28, 2016) ("Northern District of California courts have generally found that appointing

5

a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation.") *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) (declining to appoint group of investors and explaining that an appropriate group is one whose members had "a meaningful relationship preceding the litigation" and were "united by more than the mere happenstance of having bought the same securities); *Verifone*, 2008 WL 3925289, at *8 (declining to appoint group of unrelated investors and finding that "ignoring the basis of the group formation and appointing a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation"); *Crawford v. Onyx Software Corp.*, No. C01-13461, 2002 WL 356760, at *2 (W.D. Wash. Jan. 10, 2002) (rejecting application of "loose group of investors whose relationship was forged only in an effort to win appointment as lead plaintiff"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002) (declining to appoint group of "largely unrelated [investors who] have few apparent connections beyond their common desire to be appointed lead plaintiffs in this action.").

Moreover, the Wisner and Hackett and the Trust and Dave Joint Declarations are insufficient to show they will act cohesively in the best interest of the class. Indeed, they were both signed on May 27, 2025, the due date for lead plaintiff motions. Clearly, these groups appear to have been thrown together at the last minute with little time to discuss and agree on how the litigation will be coordinated. Apton Decl., Ex. D, ECF No. 21-5 and Pafiti Decl., Ex. D, ECF No. 18-6. Indeed, these Joint Declarations contain "only conclusory and boilerplate assurances that [the] members will work together to oversee the litigation" rendering them factually deficient. *Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*, No. 2:24-cv-04566-CBM-PVC, 2025 WL 29449, at *2 (C.D. Cal. Jan. 2, 2025). Apart from these generalities, neither Wisner and Hackett nor the Trust and Dave's Joint Declarations adequately specify "how the[y] will tackle the massive coordination and strategic issues that are certain to arise in this litigation." *Verifone*, 2008 WL 3925289, at *9.

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**

Wisner and Hackett's Joint Declaration miserably fails at its effort to establish cohesiveness. They have nothing to show but a single joint conference call where the members agreed to "consensus decision-making" and giving "the group member with the larger financial interest… discretion." Apton Decl., Ex. D, ECF No. 21-5 at 4 ¶¶ 10-11; *see e.g.*, *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 455 (S.D. Tex. 2002) (no prior litigation experience); *Cloudera*, 2019 WL 6842021, at *7.

Similarly, the Trust and Dave's Joint Declaration provides that its members held one joint conference call and fails to include any "explanation of [how,] why [or when] its members combined into [a] group[] in the first place" such as whether it was formed at the initiative of its counsel, which would be the obvious answer. *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *8 (C.D. Cal. May 2, 2006); *Apple v. LJ Int'l Inc.*, No. CV 07-6076 GAF (JWJx), 2008 WL 11343371, at *3 (C.D. Cal. Feb. 8, 2008) (requiring members of a group to provide "an explanation of how it was formed")*; Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, 24 (D. Mass. 2000) (noting proposed lead plaintiff group should "explain its members' association [and] how they came to form a group[.]").

The Joint Declaration does not identify a single prior occasion where any of the members served together in prior litigation or even knew each other.

This case is similar to that in *Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018). As described by the Court in *Cloudera:*

> These facts resemble the facts before United States District Judge Edward Chen in *Isaacs v. Musk*, No. C 18-4865 EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018). In *Isaacs*, Judge Chen declined to appoint a lead plaintiff group that was unable to substantiate its claim that the group members would be able to work well together. *Id.* at *3. The group had provided a "joint declaration" that merely confirmed that the members were "unrelated and were introduced to one another by their lawyers." *Id.* As in the instant case, Judge Chen found that the group members were connected by nothing more than "one joint call prior to filing the motion for appointment." *Id.*

*Cloudera*, at *7.

7

By contrast, Ramiz is a single individual investor, with losses totaling $319,561.32— an amount greater than any individual movant and meets the adequacy requirements of Rule 23. Opening Brief 2, 8. Accordingly, Ramiz is well qualified, has experienced and competent counsel, and should be appointed lead plaintiff over Wisner and Hackett and the Trust and Dave. *See e.g.*, *In re Level 3 Commc'ns, Inc. Sec. Litig.*, No. 09-CV-00200-PAB-CBS, 2009 WL 10684924, at *3-5 (D. Colo. May 4, 2009) (appointing individual investor over group of unrelated investors, who collectively, had a greater financial interest).

II.    **WISNER AND HACKETT AND THE TRUST AND DAVE FAIL TO SATISFY THE PSLRA'S REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF UNDER RULE 23**

A.    **Wisner's Apparent Prior Felonies Render Him An Inadequate Fiduciary To Represent The Interests Of The Class**

Based on the background information disclosed by Mr. Tamar Wisner in the joint declaration with Hackett, Ramiz's counsel conducted a background search for Mr. Wisner. The background search appears to show a criminal history that includes felonies including one going directly to his honesty and trustworthiness:

- **A felony for forgery of a financial instrument in 2003**;

- A felony for robbery in 2004; and

- A felony for endangering the welfare of a child in 2012.

A movant's pattern of prior misconduct will preclude them from serving as a fiduciary in a class action lawsuit. *In re Surebeam Corp. Sec. Litig.,* No. 03 CV 1721JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) ("On more than one occasion courts have found that an individual is an inadequate lead plaintiff due to unrelated misconduct . . . ."); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504-05 (S.D. Fla. 2002) (lead plaintiff movant inadequate where concerns existed with respect to his ability to serve as a fiduciary due to unrelated prior conduct); *Hall v. Nat'l Recovery Sys. Inc.*, No. 96-132-CIV-T-17(C), 1996 WL 467512, at *5–6 (M.D. Fla. Aug. 9, 1996) (pattern of prior misconduct by proposed class representative raised concerns about reliability and conscientiousness, justifying denial of class certification); *Isaacs*, 2018 WL

8

6182753, at *2 (denying motion and finding that movant "will likely be subject to unique defenses" due to prior misconduct "that may well become the focus of the litigation to the detriment of the class.").

Wisner's apparent felony arrest for forgery of a financial instrument, under Texas Penal Code § 32.21(d), is particularly troubling. According to Texas Penal Code § 32.21, a person commits a forgery offense under the statute "if he forges a writing **with intent to defraud** or harm another." Texas Penal Code § 32.21(b). Under Texas Penal Code § 32.21(d), forgery is a "state jail felony if the writing is or purports to be a…mortgage, security instrument, security agreement, credit card, check authorization to debit an account at financial institution, or similar sight order for payment of money, contract, release, or other commercial instrument." *See also* Texas Penal Code § 32.21(e)(1).

Courts have consistently found conduct implicating "criminal fraud . . . extremely concerning for an individual seeking to serve as a fiduciary for absent class members asserting they are the victims of a fraudulent scheme" and as a result, categorically reject movants with such a criminal history. *Villare*, 2020 WL 3497285, at *7; *see also Network Assocs.*, 76 F. Supp. 2d at 1029 (finding lead plaintiff movant inadequate due to an unrelated fraud investigation); *Schleicher v. Wendt*, No. 1:02-cv-1332-DFH-TAB, 2009 WL 761157, at *3 (S.D. Ind. Mar. 20, 2009), *aff'd*, 618 F.3d 679 (7th Cir. 2010) (finding a proposed class representative inadequate due to a past criminal conviction for insurance fraud); *Sina*, 2005 WL 1561438, at *4 (finding "**[h]onesty and trustworthiness** [to be] relevant factors in determining an individual's ability to serve as a class representative" and denying motion by movant group of which one member had a criminal conviction for "providing false information.").

B.    **Wisner's Lack Of Candor In His PSLRA Certification Disqualifies Him**

Wisner's apparent extensive criminal history is disqualifying for the additional reason that he failed to disclose it in his PSLRA Certification. *See* Apton Decl., Ex. A at 2, ECF No. 21-4. This sort of conduct demonstrates Wisner's lack of candor and inability to be forthcoming

9

with the court.  Indeed, a movant's lack of candor about past offenses has been found to be disqualifying.  *See Sneed*, 2021 WL 5964596, at *4 ("Dupre's prior offenses, combined with his lack of candor to his attorney and the Court, lead the Court to conclude that Dupre is an inadequate class representative[.]"); *In re Terayon Commc'ns Sys, Inc.*, No. C 00-01967 MHP, 2004 WL 413277, at *4, *9 (N.D. Cal. Feb. 23, 2004) (removing lead plaintiffs from their positions due to lack of candor in their certifications).

In *Clifton v. Willis*, the court addressed a situation similar to this one, when it disqualified a movant who failed to reference his past legal issues in the PSLRA Certification he filed with his lead plaintiff motion.  No. 22-cv-03161-DDD-JPO, 2024 WL 1508832, at *3-4 (D. Colo. Mar. 5, 2024), *report and recommendation adopted*, No. 1:22-cv-03161-DDD-JPO, 2024 WL 1508831 (D. Colo. Mar. 26, 2024).  In disqualifying the movant, the court noted:

> If not for the Betebenners' investigation, the Court may have never learned of [the movant's] past legal issues.  Indeed, it's unclear to the Court whether [the movant's] counsel was aware of his history when the Motion was filed.  The Court finds this troubling.

*Id.*

Because the foregoing demonstrates Wisner's inability to adequately serve as lead plaintiff, the Court should disregard Wisner and Hackett's lead plaintiff application entirely.

### C.    Mr. Winn Failed To Demonstrate His Authority To Act As Trustee To Bring Claims On Behalf Of The Class

Matthew Winn asserts in his PSLRA Certification that he is the trustee of the Trust with authority to sue in this case. Pafiti Decl., Ex. C, ECF No. 18-5. The Trust failed to provide the information necessary to establish Mr. Winn's authority.

Under the PSLRA, the financial "interest" in the relief sought is a primary principle underlying the lead plaintiff provisions.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Fed. R. Civ. P. 17(a) further requires that claims be brought in the name of the "real party in interest." Fed. R. Civ. P. 17(a).  Pursuant to Rule 17(a), "the real party in interest … is determined in accordance with the substantive law governing the cause of action sued upon." *Lemanik, S.A. v. McKinley*

10

*Allsopp, Inc.*, 125 F.R.D. 602, 607 (S.D.N.Y. 1989).  Because plaintiffs have asserted claims arising under Section 10(b) of the Exchange Act, the substantive law governing Section 10(b) claims must be considered in determining the "real party in interest" or individual with standing *i.e.*: "purchasers" or "sellers" of securities.  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 751 (1975).

Even if Winn had authority to "bind the Trust in connection with this litigation," or make decisions on its behalf, his failure to provide proof or documentation of it or that the Trust's beneficiaries exist or even know about this litigation precludes the Trust's appointment as lead plaintiff.  ECF No. 18 at 7 n.1; *see e.g., Bhojwani v. Pistiolis,* No. 06 Civ. 13761(CM)(KNF), 2007 WL 2197836, at *5 (S.D.N.Y. June 26, 2007), *report and recommendation adopted in part, rejected in part on different grounds*, No. 06 Civ. 13761(CM)(NKF), 2007 WL 9228588 (S.D.N.Y. July 31, 2007) (trustee's claim to authority over trust accounts, without documentation, insufficient to establish necessary authority over trusts).

In light of the questions surrounding Mr. Winn's authority as trustee the Trust and Dave are subject to unique defenses that render them inadequate and atypical to serve as lead plaintiff on behalf of the class under Fed. R. Civ. P. 23(a)(4).  *See e.g., Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 574, 580 (D.N.J. 2001) (finding that where actual stock ownership was in question, the movant lacked standing to assert claims on behalf of shareholders).

## III.    RAMIZ'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Ramiz is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

Ramiz has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned[4] law firm, and, as reflected in the firm's resume, possesses

---

[4]    *See* Omoto Decl., Ex. F (ECF No. 10-7).

extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Opening Brief 10-13; Omoto Decl., Ex. E, Faruqi Firm resume (ECF No. 10-6).

Further, the Faruqi Firm currently serves as lead counsel in several prominent securities class actions. *See, e.g., Salem v. Methode Electronics, Inc.*, No. 1:24-cv-07696 (N.D. Ill.) (appointed sole lead counsel for the class); *Wayne v. Maxeon Solar Techs., Ltd.*, No. 24-cv-03869-EMC (N.D. Cal.) (appointed sole lead counsel for the class); *Labelle v. Future FinTech Group, Inc.*, No. 2:24-cv-00247-JXN-JSA (D.N.J.) (appointed sole lead counsel for the class); *Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc. shareholders); *Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Johnson v. Luminar Techs., Inc.*, No. 6:23-cv-982-PGB-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 5:21-cv-09585-EJD (N.D. Cal.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[5] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See*

---

[5]    *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

12

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**

https://www.faruqilaw.com/our-attorneys.

## CONCLUSION

Accordingly, Ramiz respectfully requests that the Court: (1) appoint Ramiz as Lead Plaintiff for the Action; (2) approve his selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:  June 10, 2025                                             Respectfully submitted,

By: /s/ *Lisa T. Omoto*
       Lisa T. Omoto SBN 303830

**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: lomoto@faruqilaw.com

James M. Wilson, Jr. (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Samih Ramiz and [Proposed] Lead*
*Counsel for the putative Class*

13

**SAMIH RAMIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 5:25-cv-02915-RFL**