**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movants Tamar Wisner*
*and William Hackett*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVAR LILES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN,<br><br>Defendants. | Case No.: 3:25-cv-02915-RFL<br><br>**TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:        July 1, 2025<br>Time:        10:00 a.m.<br>Courtroom:   15-18th Floor<br>Judge:       Hon. Rita F. Lin |

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................................... 1

II.   ARGUMENT ................................................................................................................... 2

      A.    Messrs. Wisner and Hackett Are the Presumptive Lead Plaintiffs. ............................... 2

      B.    The Competing Movants Fail to Provide "Proof" that Messrs. Wisner and Hackett

            Cannot Adequately Represent the Interests of the Class. ............................................... 4

            1.    Binding Ninth Circuit Law Allows Investor Groups to Serve as

                  Lead Plaintiff. ......................................................................................................... 5

            2.    Tamar Wisner's History from Twenty Years Ago Is Not Disqualifying ............ 6

            3.    William Hackett Is Not an "In-and-Out" Trader. ............................................... 9

III.  LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL .................. 10

IV.   CONCLUSION ................................................................................................................. 11

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*,
    No. MDL 09-02014 JSW, 2009 U.S. Dist. LEXIS 81946 (N.D. Cal. Aug. 26,
    2009) ..............................................................................................................................6

*Bodri v. GoPro, Inc.*,
    No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016) ........................9

*Bruce v. Suntech Power Holdings Co., Ltd.*,
    No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702 (N.D. Cal. Nov. 13, 2012)......................3

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .......................................................................................................1

*Chupa v. Armstrong Flooring, Inc.*,
    No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506 (C.D. Cal. Mar.
    2, 2020) ......................................................................................................................................7, 8

*Clifton v. Willis*,
    No. 22-cv-03161-DDD-JPO, 2024 U.S. Dist. LEXIS 66105 (D. Colo. Mar. 5,
    2024) ..............................................................................................................................................8

*Cole v. Health Mgmt. Assocs.*,
    No. 2:07-cv-484-FtM-34SPC, 2008 U.S. Dist. LEXIS 128021 (M.D. Fla. May 14,
    2008) ............................................................................................................................................10

*Comapre Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*,
    No. CV 24-4566-CBM-(JPRx), 2024 U.S. Dist. LEXIS 235781 (C.D. Cal. Oct. 24,
    2024) ..............................................................................................................................................5

*Crawford v. Honig*,
    37 F.3d 485 (9th Cir. 1994) .........................................................................................................3

*In re Crocs, Inc.*,
    C.A. No. 07-cv-02351-REB-KLM, 2008 U.S. Dist. LEXIS 87524 (D. Colo. Sep.
    17, 2008) ........................................................................................................................................4

*Delgado v. New Albertson's, Inc.*,
    No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797 (C.D. Cal.
    Mar. 15, 2010)................................................................................................................................7

*Dura Pharmaceuticals, Inc. v. Broudo*,
    544 U.S. 336 (2005)......................................................................................................................2

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

*Dutton v. Harris Stratex Networks, Inc.*,
  No. 08-755-JJF, 2009 U.S. Dist. LEXIS 48455 (D. Del. June 5, 2009) ........................................10

*Einhorn v. Axogen, Inc.*,
  No. 8:19-cv-69-EAK-AAS, 2019 U.S. Dist. LEXIS 195312 (M.D. Fla. Apr. 30,
  2019) ...........................................................................................................................................10

*In re Facebook Privacy Litig.*,
  No. 10-cv-02389-RMW, 2016 U.S. Dist. LEXIS 119293 (N.D. Cal. June 28, 2016) .....................9

*Gilbert v. Azure Power Glob. Ltd.*,
  No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022) .....................10

*Guohua Zhu v. UCBH Holdings, Inc.*,
  682 F. Supp. 2d 1049 (N.D. Cal. 2010) ...........................................................................................3

*Hodges v. Akeena Solar, Inc.*,
  263 F.R.D. 528 (N.D. Cal. Oct. 21, 2009) ........................................................................................3

*Huang v. Depomed, Inc.*,
  289 F. Supp. 3d 1050,(N.D. Cal. 2017) ............................................................................................3

*Hurst v. Enphase Energy*,
  No. 20-cv-04036-BLF, 2020 U.S. Dist. LEXIS 223696 (N.D. Cal. Nov. 30, 2020)......................9

*Jaszczyszyn v. Sunpower Corp.*,
  No. 22-cv-00956-HSG, 2022 U.S. Dist. LEXIS 188346 (N.D. Cal. Oct. 13, 2022) ......................9

*Johnson v. OCZ Tech. Grp.*,
  No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ...............................6

*Koffsmon v. Green Dot Corp.*,
  No. CV 19-10701 DDP (Ex), 2021 U.S. Dist. LEXIS 148092 (C.D. Cal. Aug. 6,
  2021) ..................................................................................................................................................3

*Mariconda v. Farmland Partners*,
  C.A. No. 18-cv021040DME-NYW, 2018 U.S. Dist. LEXIS 204411 (D. Colo. Dec.
  3, 2018) .............................................................................................................................................4

*McCall v. Drive Fin. Services, LP*,
  236 F.R.D. 246 (E.D. Pa. 2006)........................................................................................................8

*Mersho v. United States Dist. Court*,
  6 F.4th 891 (9th Cir. 2021) .......................................................................................................4, 5, 6

iii

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

*In re Molycorp, Inc. Sec. Litig.*,
  No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29, 2012) ...................................................................................................................................4

*Moshell v. Sasol Ltd.*,
  No. 20-cv-1008 (JSR), 2020 U.S. Dist. LEXIS 78106 (S.D.N.Y. May 4, 2020) ............................9

*Nevarez v. Forty Niners Football Co.*,
  326 F.R.D. 562 (N.D. Cal. 2018)...................................................................................................7

*In re NYSE Specialists Sec. Litig.*,
  240 F.R.D. 128 (S.D.N.Y. 2007) ...................................................................................................7

*Pampena v. Musk*,
  No. 22-cv-05937-CRB, 2023 U.S. Dist. LEXIS 71169 (N.D. Cal. Apr. 24, 2023)........................3

*Reinschmidt v. Zillow, Inc.*,
  No. C12-2084-RSM, 2013 U.S. Dist. LEXIS 36793 (W.D. Wash. Mar. 14, 2013)........................9

*Robb v. Fitbit Inc.*,
  No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016)...........................10

*Scuderi v. Mammoth Energy Servs., Inc.*,
  No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725 (W.D. Okla. Sept. 13, 2019).....................8

*In re SemGroup Energy Partners, L.P.*,
  No. 08-CV-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218 (N.D. Okla. Oct. 27, 2008) ................................................................................................................................4

*In re Silicon Storage Tech., Inc.*,
  No. C 05-0295-PJH, 2005 U.S. Dist. LEXIS 45246 (N.D. Cal. 2005).........................................10

*Sklar v. Amarin Corp. PLC*,
  No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) ...............................................................................................................................10

*Stemple v. QC Holdings, Inc.*,
  No. 12-cv-01997-BAS(WVG), 2014 U.S. Dist. LEXIS 125313 (S.D. Cal. Sep. 5, 2014) ...............................................................................................................................7

*Xu v. FibroGen, Inc.*,
  No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034 (N.D. Cal. Aug. 30, 2021) ......................4

**<u>Statutes</u>**

15 U.S.C. § 78u-4 ................................................................................................................*passim*

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

**Rules**

FED. R. EVID. 609(b) ...........................................................................................................8

## I. PRELIMINARY STATEMENT

Messrs. Tamar Wisner and William Hackett are the "presumptive" lead plaintiffs pursuant to the PSLRA. This is because they possess the "largest financial interest" in the outcome of the litigation (collectively as well as individually) and have made the necessary *prima facie* showings of typicality and adequacy under Federal Rule of Civil Procedure 23. Neither of the remaining movants have submitted anything close to the "proof" necessary to rebut this presumption. Consequently, Messrs. Wisner and Hackett should be appointed lead plaintiff and their counsel at Levi & Korsinsky, LLP should be approved as lead counsel.

Once the lead plaintiff presumption is triggered, a competing movant can attempt to rebut it with "proof" of inadequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The competing movants here—(i) Samih Ramiz and (ii) the St. John Family Trust and Payal Dave—do not carry their burden in this regard. Mr. Ramiz argues that a "group" should not be appointed lead plaintiff even though the Ninth Circuit has held explicitly that groups are perfectly acceptable. Second to that, Mr. Ramiz argues that unrelated and irrelevant criminal convictions from over two decades ago render Mr. Wisner incapable of serving as the lead plaintiff. These arguments are unsupported by the case law. Mr. Wisner's convictions from the early-2000s have nothing to do with the facts of this case or his ability to serve as a lead plaintiff. As explained by Mr. Wisner in his accompanying declaration, he engaged in regrettable conduct that resulted in a four-year prison sentence from 2004-2008. The crimes that led him there consisted of using a forged check in an attempt to buy a videogame console and breaking into an automobile in an attempt to steal a car stereo. Mr. Wisner has long since paid for those crimes and, since then, went on to build an impressive career in automotive service including positions at the U.S. Postal Service and different U.S. Government Contractors abroad. Mr. Wisner's past does not in any way, shape or form qualify as the sort of crime that disqualifies an otherwise perfectly able and motivated investor from serving as a representative in a class action lawsuit.

The competing movants have not and cannot rebut Messrs. Wisner and Hackett's status as the presumptive lead plaintiffs. This is especially true considering that they possess the largest financial

interest in the outcome of the Action—both collectively as a group and individually in their own rights. The facts and the law in this instance weigh heavily in favor of granting their motion in its entirety and appointing Messrs. Wisner and Hackett as the lead plaintiffs to oversee this action.

## II.    ARGUMENT

### A.    Messrs. Wisner and Hackett Are the Presumptive Lead Plaintiffs.

The PSLRA provides that the Court must appoint the lead plaintiff movant that has both the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u4(a)(3)(B)(iii)(I). Messrs. Wisner and Hackett meet both requirements.

With a collective loss of $544,721.36 on their SoundHound investment, Messrs. Wisner and Hackett have, by far, the largest financial interest of any of the lead plaintiff movants. St. John Trust and Dave concede this point. *See* ECF No. 36 (St. John Trust and Dave Opp.), p. 6 ("Wisner and Hackett, the only other movant group who claim to have incurred a larger loss on their Class Period purchases of SoundHound securities than the Trust and Dave"). Moreover, Mr. Wisner and Mr. Hackett each (individually) incurred greater losses than any other individual movant after properly removing ***unrecoverable*** losses from the other movants' claimed losses (specifically, Mr. Ramiz). The table below compares each movant's recoverable loss:

| | |
|---|---|
| Tamar Wisner | $282,899.92 |
| William Hackett | $261,821.44 |
| St. John Family Trust | $225,372.03 |
| Payal Dave | $172,731.97 |
| Samih Ramiz | $229,016.27[1] |

ECF Nos. 10-4 (Ramiz), 18-3 (St. John Family Trust and Dave), 21-3 (Wisner and Hackett). Courts

---

[1] As explained in opposition, Mr. Ramiz inflated his "financial interest" by claiming losses from intra-class period transactions that are not recoverable under the federal securities laws. *See* ECF No. 37 at 5-6 (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005)). *See also* ECF No. 37-2 (chart identifying which of Mr. Ramiz's trades resulted in unrecoverable losses).

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

routinely give priority to investor groups where, as here, its members individually possess the largest financial interest in the litigation. *See*, *e.g.*, See *Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing group of investors because one member alone "has the largest [financial] interest of any movant"); *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *7 (N.D. Cal. Nov. 13, 2012) ("This is not a case, however, in which lawyers aggregated plaintiffs in order to overcome the largest stake requirement. Rather, Chen meets that requirement on his own."); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. Oct. 21, 2009) ("[I]t is not necessary for the members of [a group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself."); *see also Koffsmon v. Green Dot Corp.*, No. CV 19-10701 DDP (Ex), 2021 U.S. Dist. LEXIS 148092, at *7 (C.D. Cal. Aug. 6, 2021) (collecting cases where courts have based their appointment of a lead plaintiff group "upon the fact that one individual member of the proposed group, even standing alone, had a greater financial interest than any other proposed lead plaintiff.").

Messrs. Wisner and Hackett also satisfy the typicality and adequacy requirements of Rule 23. Only a "preliminary showing" of typicality and adequacy is required at this stage. *See Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Like all class members, Messrs. Wisner and Hackett relied on SoundHound's misrepresentations, lost money as a result, and now seek to recover it. *See* ECF Nos. 21-2 and 21-3. Further, Messrs. Wisner and Hackett have no conflicts with other class members, and their interests are aligned with the class' interest of maximizing a recovery for the class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Moreover, Messrs. Wisner and Hackett are qualified to serve as co-lead plaintiffs. In their certifications and joint declaration, Mr. Wisner and Mr. Hackett state their familiarity with, and willingness to take on, the duties of co-lead plaintiffs and class representatives under the PSLRA and Rule 23. *See* ECF Nos. 21-2; 21-5 (PSLRA Certifications & Joint Declaration). Accordingly, Messrs. Wisner and Hackett are the presumptive co-lead plaintiffs. *See Pampena v. Musk*, No. 22-cv-05937-CRB, 2023 U.S. Dist. LEXIS 71169, at *11-12 (N.D. Cal. Apr. 24, 2023) (finding movant group's "joint declaration stating that they had initial discussions, understand their responsibilities as lead

3

plaintiff, and established protocols to communicate with counsel and with each other" was sufficient to satisfy the adequacy requirement at step two); *Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034, at *23-24 (N.D. Cal. Aug. 30, 2021) (holding that a joint declaration was sufficient to support a prima facie showing of a group's adequacy). To rebut that presumption, the PSLRA, as clarified by *Mersho*, requires the other movants to proffer "proof" that Messrs. Wisner and Hackett will not adequately represent the class. *See Mersho v. United States Dist. Court*, 6 F.4th 891, 902 (9th Cir. 2021). The other movants fail to do so.

**B.    The Competing Movants Fail to Provide "Proof" that Messrs. Wisner and Hackett Cannot Adequately Represent the Interests of the Class.**

Messrs. Wisner and Hackett's preliminary showing of both the largest loss and satisfaction of Rule 23 entitles them to the presumption of "most adequate plaintiff." 15 U.S.C. § 78u-4(B)(iii)(i). This presumption may be rebutted only upon proof by a class member that Messrs. Wisner and Hackett "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Wolfe v. Aspenbio Pharma, Inc*., 275 F.R.D. 625, 628 (D. Colo. 2011); *see also Mariconda v. Farmland Partners*, C.A. No. 18-cv021040DME-NYW, 2018 U.S. Dist. LEXIS 204411, at *14 (D. Colo. Dec. 3, 2018); (same); *In re Molycorp, Inc. Sec. Litig*., No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *4-6 (D. Colo. May 29, 2012) ("Th[e] presumption can be rebutted with proof that the movant is either atypical or inadequate. However, speculation that a movant may be either atypical or inadequate will not defeat the PSLRA's most adequate plaintiff presumption."); *In re Crocs, Inc*., C.A. No. 07-cv-02351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at *7-8 (D. Colo. Sep. 17, 2008) (same). This is a statutory requirement and, in practice, requires a significant proffer of evidence. *See In re SemGroup Energy Partners, L.P.*, No. 08-CV-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218, at *7-8 (N.D. Okla. Oct. 27, 2008) (explaining that the standard for rebutting a presumption in favor of lead plaintiff requires an opposing party to present evidence, not just argument, demonstrating how a presumed lead plaintiff is atypical or subject to a unique defense. "Mere inuendo and inferences will not suffice").

4

**1.    Binding Ninth Circuit Law Allows Investor Groups to Serve as Lead Plaintiff.**

That Messrs. Wisner and Hackett are a "group" does not render them ineligible to serve as co-lead plaintiffs. In *Mersho*, the Ninth Circuit overturned the district court's decision declining to appoint the group of investors with the largest financial interest, finding that decision "troubling because it resulted in the appointment of a lead plaintiff whose losses are less than half or one-third of what each of the [group members] suffered individually" and noting that "the result . . . appears incongruous with the PSLRA's presumption that the investors with the largest stake have the greatest incentive to supervise the litigation closely." *Mersho*, 6 F.4th at 901 n.3. Messrs. Wisner and Hackett are typical of all other class members and by virtue of their status as investors who purchased Soundhound stock during the Class Period and suffered damages as a result. Messrs. Wisner and Hackett also submitted a detailed declaration establishing their willingness, resources, and commitment to closely cooperate with each other to supervise Lead Counsel and obtain the best possible recovery for the class. *See* ECF No. 21-5.

The PSLRA expressly allows for the appointment of a group of investors to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also Mersho*, 6 F.4th at 899. However, Mr. Ramiz contends that this Court should not appoint a group of investors in this case. ECF No. 38 at 5-7. This is wrong. In July 2021, the Ninth Circuit, in a decision overturning a district court lead plaintiff order, recognized that the PSLRA "expressly allows a group of persons to move for appointment" and that a group that is otherwise the presumptive lead plaintiff can only be rejected with a showing of "proof" that it would not be adequate or typical. *Mersho*, 6 F.4th at 899-900. Indeed, all but one of the cases cited by Mr. Ramiz pre-date *Mersho*, and the one case that post-dates *Mersho* failed to include a joint declaration from the group-movants like the one submitted by Messrs. Wisner and Hackett properly describing how they would jointly manage the litigation and resolve disputes. *Comapre Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*, No. CV 24-4566-CBM-(JPRx), 2024 U.S. Dist. LEXIS 235781, at *7-8 (C.D. Cal. Oct. 24, 2024) (denying motion from proposed co-lead plaintiffs where declaration submitted on opposition failed to properly demonstrate oversight of attorneys) *with* ECF No. 21-5 at ¶11 (Messrs.

Wisner's and Hackett's joint declaration discussing dispute resolution mechanism). As the Ninth Circuit made clear in *Mersho*, to rebut the presumption favoring Messrs. Wisner and Hackett, Mr. Ramiz must provide "proof" of inadequacy rather than just pointing out that these two individuals constitute a "group." 6 F.4th at 901 ("Misgivings are not evidence"). Following the Ninth Circuit's decision in *Mersho*, Messrs. Wisner and Hackett are not aware of any district court in this Circuit that has declined to appoint as lead plaintiff a group of investors where one or more group members alone asserted a larger financial interest than any competing movant.

In light of the foregoing, Messrs. Wisner and Hackett properly made an unrebutted *prima facie* showing of their adequacy to serve as the co-lead plaintiffs and, in turn, their entitlement to the statutory presumption of "most adequate plaintiff" under the PLSRA. Indeed, as illustrated under the case law, Messrs. Wisner and Hackett's certification, selection of counsel, and background information provides more than enough information to demonstrate their adequacy to serve as the lead plaintiffs. *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, No. MDL 09-02014 JSW, 2009 U.S. Dist. LEXIS 81946, at *9-10 (N.D. Cal. Aug. 26, 2009) (noting movants demonstrated their adequacy to serve as lead plaintiffs by "submitting declarations attesting that they will work together to monitor the litigation and to ensure that the litigation is efficiently prosecuted."); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *8 (N.D. Cal. Jan. 4, 2013)("Small, cohesive groups similar to the [movant group] are routinely appointed Lead Plaintiff in securities actions where they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel"). Mr. Ramiz's arguments to the contrary are unsupported by the facts and the law.

### 2.   Tamar Wisner's History from Twenty Years Ago Is Not Disqualifying.

Mr. Ramiz argues strenuously against Mr. Wisner's adequacy to serve as lead plaintiff based soley on a criminal history from over two decades ago. *See* ECF No. 8-10. Mr. Wisner's past though is not disqualifying. As explained in his accompanying declaration, Mr. Wisner was raised without proper supervision in Houston, Texas, in the 1980s. He fell in with the wrong crowd and regrettably committed crimes that he has long since paid for. These included using a forged check at a Walmart in an attempt to buy a videogame console and breaking into an automobile to steal a car stereo. *See* Declaration of

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

Tamar Wisner filed herewith, ¶¶2-3. Mr. Wisner ultimately spent four years in prison (2004-2008). *Id*. at ¶2. He then regained control of his life, went to school, and became a master automobile technician with numerous advanced certifications and specialities. *Id*. at ¶4. His career has taken him halfway around the world and included positions with the U.S. Postal Service and different U.S. Governemnt Contractors. *Id*. at ¶4. Although many years have passed since his early adulthood years, he still shares his story and experience with incoming students at the automotive trade school that he attended in hopes of helping others like him overcome similar problems. *Id*. at 4. While not relevant to his lead plaintiff application, Mr. Wisner's history in fact makes him all the more motivated to carry out his lead plaintiff obligations considering how hard he had to work for the money that he ultimately lost due to Defendants' alleged fraud and, if given the opportunity, would take his obligations seriously as a lead plaintiff. *Id*. at ¶6.

In addition to the facts, the law also supports Mr. Wisner's position on this issue. "[A]ny allegations concerning the representative's adequacy must be relevant to the claims in the litigation." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007). Thus, when dealing with a movant's past criminal conduct, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior *unrelated* unsavory, unethical, or even illegal conduct. Exceptions have been made for unrelated criminal convictions only in a few instances where issues of credibility were raised by confirmed examples of past dishonesty such as fraud or a criminal conviction for an offense that requires proof of dishonesty." *Chupa v. Armstrong Flooring, Inc.,* No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *8-9 (C.D. Cal. Mar. 2, 2020) (emphasis in original, internal citations omitted); *Nevarez v. Forty Niners Football Co.,* 326 F.R.D. 562, 583-84 (N.D. Cal. 2018) (finding that convictions for assaults with deadly weapons and DUI convictions that were more than 20 years old did not render class representative inadequate); *Delgado v. New Albertson's, Inc.,* No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797, at *11 (C.D. Cal. Mar. 15, 2010) (certifying a class with a representative who had prior felony convictions); *Stemple v. QC Holdings, Inc.,* No. 12-cv-01997-BAS(WVG), 2014 U.S. Dist. LEXIS 125313, at *22 (S.D. Cal. Sep. 5, 2014) (finding class representative adequate despite 14-year-old conviction for sex with a

7

minor); *McCall v. Drive Fin. Services, LP*, 236 F.R.D. 246, 251 (E.D. Pa. 2006) (plaintiff's past felony criminal conviction was "irrelevant" to plaintiff's "ability to represent the class vigorously and responsibly").

At its core, Mr. Ramiz's opposition to Mr. Wisner's motion is a misguided attempt at disqualifying him solely because he was found guilty of a crime in the early-2000s. The crimes, however, do not impugn Mr. Wisner's ability to serve as the lead plaintiff or otherwise adequately represent the interests of the proposed class in this litigation. *Chupa*, 2020 U.S. Dist. LEXIS 36506, at *8-*9; *Scuderi v. Mammoth Energy Servs., Inc.,* No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725, at *10-12 (W.D. Okla. Sept. 13, 2019) ("[i]t is well established that a criminal history alone does not defeat an individual's adequacy as a class representative"). Similarly, while Mr. Ramiz references a child endangerment charge, it resulted in a deferred adjudication arrangement that was completed successfully without incident. Declaration of Tamar Wisner at ¶5. Mr. Wisner has had no criminal issues since and there is no connectoin whatsoever between his prior conduct and investment in Soundhound, Defendants' alleged fraud, or the present lawsuit. Indeed, evidence about Mr. Wisner's past criminal conduct likely would not even be admissible in court, given the amount of time that has passed since it occurred and its lack of relevance to the issues at hand. *See* FED. R. EVID. 609(b).

Mr. Ramiz also accuses Mr. Wisner lacking candor in his certification. *See* ECF No. 38 at 9-10. The case he cites for this argument, *Clifton v. Willis*, does not support his argument. In that case, one of the lead plaintiff movants allegedly used an alias to sign his required PSLRA certification, which led the competing movants and the court to question the movant's candor. *See Clifton v. Willis*, No. 22-cv-03161-DDD-JPO, 2024 U.S. Dist. LEXIS 66105, at *12-13 (D. Colo. Mar. 5, 2024) ("Mr. Chernyak's use of aliases—and lack of disclosure regarding the same—raises further questions about his ability or desire to be straightforward with the putative class or the Court."). No such accusation exists here. Moreover, the nature of the criminal conduct at issue in *Clifton v. Willis* was much more material; the movant in *Clifton v. Willis* was convicted of conspiracy and extortion and was only released from prison after agreeing to be deported from the United States (presumably back to Russia where he was born). *Id*. at *9-10.

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

Given the irrelevance of Mr. Wisner's criminal past from nearly two decades ago, there is no reason to disqualify him as a lead plaintiff in this action. *See In re Facebook Privacy Litig.*, No. 10-cv-02389-RMW, 2016 U.S. Dist. LEXIS 119293, at *14-15 (N.D. Cal. June 28, 2016) (appointing as lead plaintiff in a consumer class action an individual with a 2-year-old embezzlement conviction); *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *17-18 (N.D. Cal. Apr. 28, 2016) (appointing as lead plaintiff in securities class action an entity led by individual who pled guilty to making false statements on shipper's export declaration 14 years prior to litigation).

### 3.    William Hackett Is Not an "In-and-Out" Trader.

The St. John Family Trust and Payal Dave incorrectly paint Mr. Hackett as an "in-and-out" trader. ECF No. 36 at 8-10. Their accusation is misguided. Contrary to their argument, Mr. Hackett was a longterm investor in Soundhound as evidenced by his transaction history attached to the opening motion papers. *See* ECF No. 21-2. An "in-and-out" trader is a shareholder that engages in only intra-class period transactions without having any retained shares at the end of the class period. *See Jaszczyszyn v. Sunpower Corp.*, No. 22-cv-00956-HSG, 2022 U.S. Dist. LEXIS 188346, at *6-7 (N.D. Cal. Oct. 13, 2022) (disqualifying "in-and-out" trader who "sells the shares quickly before the relevant truth begins to leak out" and therefore does not have recoverable loss); *Hurst v. Enphase Energy*, No. 20-cv-04036-BLF, 2020 U.S. Dist. LEXIS 223696, at *22 (N.D. Cal. Nov. 30, 2020) (disqualifying movants who "sold the lion's share of their class period" holdings before corrective disclosure). While Mr. Hackett bought and sold stock during the class period, he ultimately amassed a position of 37,000 shares of Soundhound between his two accounts at the end of the class period. *See* ECF No. 21-3 at 2-4. Mr. Hackett's retained shares excepts him from the "in-and-out" trader classification. *See, e.g.*, *Moshell v. Sasol Ltd.*, No. 20-cv-1008 (JSR), 2020 U.S. Dist. LEXIS 78106, at *7 n.2 (S.D.N.Y. May 4, 2020) (holding that movant was not atypical "in-and-out" trader because he held retained shares).

Mr. Hackett's decision to sell shares during the class period does not render him an atypical "in-and-out" trader. Indeed, the determinative point on this issue is whether a movant's transaction history demonstrates "non-reliance" on a company's public information. *See Reinschmidt v. Zillow, Inc.*, No. C12-2084-RSM, 2013 U.S. Dist. LEXIS 36793, at *11-12 (W.D. Wash. Mar. 14, 2013)

TAMAR WISNER AND WILLIAM HACKETT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF COUNSEL

(explaining that "trading on market volatility belies any true reliance on company reports or even on the integrity of the stock price itself"); *In re Silicon Storage Tech., Inc.*, No. C 05-0295-PJH, 2005 U.S. Dist. LEXIS 45246, at *25-26 (N.D. Cal. 2005) (noting that it would be difficult to show reliance if the movant sells much of the stock before any corrective disclosure). Mr. Hackett's transaction history does not suggest non-reliance but instead a longterm investment based on the number of shares he ultimately held at the end of the class period. *See Sklar v. Amarin Corp. PLC*, No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *31 n.8 (D.N.J. July 29, 2014) (holding movant "not an in-and-out trader" even though he "completely divested . . . twice in the first quarter of 2011" because he "subsequently reinvested" and held shares "at the end of the class period, at the time of [the company's] corrective disclosures"); *see also Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *19-20 (N.D. Cal. May 10, 2016) (appointing an alleged in-and-out trader that "retained 61,000 shares . . . at the end of the class period" and noting that "courts have certified classes and appointed in-and-out traders as class representatives in securities actions"); *Dutton v. Harris Stratex Networks, Inc.*, No. 08-755-JJF, 2009 U.S. Dist. LEXIS 48455, at *7 (D. Del. June 5, 2009) (appointing a lead plaintiff group that "acquired roughly 900,000 shares" during the class period, but "sold the bulk of their shares" and held only 71,126 shares at the time of the corrective disclosure); *Cole v. Health Mgmt. Assocs.*, No. 2:07-cv-484-FtM-34SPC, 2008 U.S. Dist. LEXIS 128021, at *20-21 (M.D. Fla. May 14, 2008) (appointing an alleged in-and-out trader because she "held 12,443 shares . . . at the time of the July 31, 2007 press statement [disclosure]"); *Einhorn v. Axogen, Inc.*, No. 8:19-cv-69-EAK-AAS, 2019 U.S. Dist. LEXIS 195312, at *8 (M.D. Fla. Apr. 30, 2019) ("That Detroit both bought and sold AxoGen, Inc. securities within the Class Period is of no consequence; many institutional investors often do the same."); *Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *15 (S.D.N.Y. Dec. 8, 2022) (appointing a movant that "engaged in multiple transactions buying and selling Azure stock throughout the class period" including once on the same day and "a few transactions that occurred days apart").

III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL

This Court should approve Mr. Wisner and Mr. Hackett's selection of Levi & Korsinsky as

Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 21-6. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Mr. Wisner and Mr. Hackett respectfully requests that this Court: (1) appoint Mr. Wisner and Mr. Hackett as Co-Lead Plaintiffs for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: June 17, 2025                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Tamar Wisner and William Hackett, and Proposed Lead Counsel for the Class*