POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants*
*St. John Family Trust U/A DTD*
*08/19/1991 and Payal Dave and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVAR LILES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN,<br><br>Defendants. | Case No.: 3:25-cv-02915-RFL<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL<br><br><u>CLASS ACTION</u><br><br>Date:  July 1, 2025<br>Time:  10:00 a.m.<br>Judge:  Hon. Rita F. Lin<br>Courtroom:  15 – 18th Floor |

Movants the Trust and Dave[1] respectfully submit this memorandum of law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 18).[2]

## I.    PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person **or group of persons** that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).  This presumption can only be rebutted by "***proof***" that the movant with the largest financial interest is atypical or inadequate.  *Id.* § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  Here, as discussed at length in the Trust and Dave's moving and opposition briefs (Dkt. Nos. 18, 36), the Trust and Dave satisfy all of the statutory criteria to be entitled to the "most adequate plaintiff" presumption because they have claimed the largest financial interest in this litigation among the eligible competing applicants for appointment as Lead Plaintiff and have robustly demonstrated their typicality and adequacy under Rule 23.

Attempting to rebut the statutory presumption that the Trust and Dave are the "most adequate plaintiffs," one competing movant, Ramiz, speculatively argues that the Trust and Dave are disqualified from appointment because: (1) the Trust and Dave are purportedly an improper movant group; and (2) the Trust purportedly failed to provide the information necessary to establish the authority of Matthew Winn, the trustee of the Trust, to act on the Trust's behalf.  *See* Dkt. No. 38 at 2-5, 7, 10-11.  Both of these arguments fail.

First, the PSLRA, Supreme Court, and courts in this Judicial District have affirmed the propriety of appointing more than one investor as co-lead plaintiffs.  *See* 15 U.S.C. § 78u–

---

[1] All capitalized terms herein are defined in the Trust and Dave's moving and opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 18, 36.

[2] Initially, three other putative class members also filed motions seeking appointment as lead plaintiff: (i) the Sternquist Trust (Dkt. No. 9); (ii) Lint (Dkt. No. 28); and (iii) Kandel (Dkt. No. 24).  On June 9, 2025, the Sternquist Trust filed a notice withdrawing its motion.  Dkt. No. 33.  Then, on June 10, 2025, Lint and Kandel each stated his non-opposition to competing motions.  Dkt. Nos. 34, 35.

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

4(a)(3)(B)(iii); *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups[.]"); Order Appointing Co-Lead Plaintiffs, ECF 38, *In Re SunPower Corporation Securities Litigation*, No. 3:23-cv-05544 (N.D. Cal. Oct 27, 2023) (approving stipulation appointing two unrelated investors as co-lead plaintiffs). While some courts have declined to appoint previously unrelated investors to serve as Co-Lead Plaintiffs under certain circumstances, the concerns underlying such decisions are allayed when a movant group has demonstrated that it is small, cohesive, and will otherwise adequately represent class members—precisely as the Trust and Dave have done here. *See, e.g., Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at \*4, \*7 (N.D. Cal. May 10, 2016) (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus").

Second, it is black-letter law that a trustee has authority to act on behalf of a trust. *See, e.g.*, Restatement (Third) of Trusts § 107 (2007) ("A trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries."); *see also Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, \*7 (N.D. Cal. Aug. 19, 2002) (noting that "there is no dispute that a trustee has standing to bring a securities fraud action" on behalf of a trust). Here, Winn attested under penalty of perjury that he, as trustee, has the "authority to bind the Trust and enter into litigation on its behalf." Dkt. Nos. 18-5 at \*2. Accordingly, the Trust's proffer of Winn's authority to act on its behalf is legally sufficient. *See, e.g., Seidel v. Noah Educ. Holdings, Ltd.*, No. 08 Civ. 9203 (RJS), 2009 WL 700782, at \*4 (S.D.N.Y. Mar. 09, 2009) (finding that a trustee adequately demonstrated its authority to act on behalf of a trust by "certify[ing], under penalty of perjury, that he is Trustee for the Trust"); *City of Ann Arbor Emps.' Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 WL 3517667, at \*2-3 (N.D. Cal. Oct. 26, 2009) (appointing as lead plaintiff movant group including trust whose PSLRA certification was executed by its trustee).

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

Ramiz, for his part, has failed to adduce any proof that Winn lacks the authority to act on behalf of the Trust, as is statutorily required to rebut the "most adequate plaintiff" presumption in favor of the Trust and Dave's appointment. *See*, *e.g.*, *Schlaegel v. Palo Alto Networks Inc.*, No. 3:24-cv-01156-CRB, 2024 WL 3747410, at *4 (N.D. Cal. Aug. 09, 2024) ("The PSLRA requires '*proof*' to overcome the presumption entitling the plaintiff with the largest financial interest in the litigation to appointment as lead plaintiff; speculative assertions are insufficient.") (emphasis added) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

Finally, as discussed in the Trust and Dave's opposition brief, Wisner and Hackett and Ramiz are atypical and inadequate within the meaning of Rule 23, as well as subject to unique defenses. *See* Dkt. No. 36 at 3-5, 8-15. Specifically, Hackett and Ramiz are serial in-and-out traders, Ramiz is a pattern high-frequency day trader, and Wisner has a lengthy history of prior misconduct. *See id.* Wisner and Hackett and Ramiz have had multiple opportunities to address the foregoing issues but have chosen not to do so. To the extent they attempt to explain why the Court should ignore these disqualifying issues in their reply papers, the Trust and Dave respectfully submit that doing so belatedly, only after "inquiry and prodding", cannot "cure [their] deficienc[ies]" as Class representatives. *Haideri v. Jumei International Holding Limited*, No. 20-cv-02751-EMC, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020).

For the foregoing reasons, the Trust and Dave respectfully request that the Court grant their motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.    THE TRUST AND DAVE SATISFY THE TYPICALITY AND ADEQUCY REQUIREMENTS OF RULE 23

#### 1.    The Trust and Dave are an Appropriate Movant Group

The Trust and Dave are a cohesive duo of the type expressly contemplated and permitted by the PSLRA and federal courts, including in this Judicial District. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person *or group* of persons that . . . has the largest financial interest in the relief sought by the class." (emphasis added.)); *China Agritech*,

138 S. Ct. at 1807 n.3 ("District courts often permit aggregation of plaintiffs into plaintiff groups[.]"); Order Appointing Co-Lead Plaintiffs, ECF 38, *In Re SunPower*, No. 3:23-cv-05544, (approving stipulation appointing two unrelated investors as co-lead plaintiffs); *In re SVB Fin. Grp. Sec. Litig.*, No. 3:23-cv-01097-JD, 2023 WL 8367938, at *2-3 (N.D. Cal. Nov. 30, 2023) (appointing group of two previously unrelated investors as lead plaintiff); *Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2022 WL 1301770, at *3-5 (N.D. Cal. Apr. 18, 2022) (appointing group of two previously unrelated investors as lead plaintiff and finding that "the group's small size—two entities—supports the parties' belief that they will be able to work together to adequately represent the class").[3]

Ramiz's opposition argument relies primarily on three cases—*Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008), *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 WL 6842021 (N.D. Cal. Dec. 16, 2019), and *Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018)— which he misleadingly cites to suggest that ***any*** group of unrelated investors will inherently face "massive coordination and strategic issues that are certain to arise in . . . litigation."  *See, e.g.*, Dkt. No. 38 at 6.  Yet these three cases are easily distinguished.  In *Eichenholtz*, the court's expressed concerns about "massive coordination and strategic issues" arose from the fact that the groups at issue were respectively comprised of five and two foreign institutional investors, whose members were "competitors of others in the group" that were "likely to have different investment strategies and may be subject to unique defenses," including day trading.  2008 WL 3925289, at *7-11.  The *Cloudera* court, echoing *Eichenholtz*, expressed concern that a movant duo consisting

---

[3] *See also Sneed v. AcelRx Pharm., Inc.*, No. 21-cv-04353-BLF, 2021 WL 5964596, at *4-5 (N.D. Cal. Dec. 16, 2021); *Peifa Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 WL 3861454, at *7-11 (N.D. Cal. Aug. 30, 2021); *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *4-5 (N.D. Cal. May 23, 2018); *Fitbit*, 2016 WL 2654351, at *4, *7; *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *5 (N.D. Cal. June 10, 2014); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009).

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

of two unrelated institutional investors would likely encounter coordination and strategic issues. 2019 WL 6842021, at *6-8.  Similarly, the court in *Isaacs* rejected a movant group consisting of *five* individuals and entities upon finding, *inter alia*, that the history of two of the group's members would likely subject the group to unique defenses and "may well become the focus of the litigation to the detriment of the class."  2018 WL 6182753, at *2-3.  Here, by contrast, the Trust and Dave are a cohesive group of only *two* movants, both natural persons, whose trading reflects a common investment strategy, with neither subject to any disqualifying unique defenses. There is thus no reason to simply assume, without evidence, that they will inevitably be subject to "massive coordination and strategic issues," as Ramiz wrongly claims.

The other cases upon which Ramiz relies are likewise distinguishable, as they variously involved larger groups—with as many as nine members, in some cases[4]—groups whose members failed to submit any joint declaration to demonstrate their cohesiveness,[5] and/or groups whose members only came together or submitted declarations after the motion deadline,[6] finding that those circumstances raised concerns about the groups' cohesiveness.  Here, again, the Trust and Dave are a cohesive partnership of only two investors, who made the decision to seek appointment in advance of the motion deadline, after speaking with one another, and who have submitted a robust Joint Declaration in support of their appointment.  *See* Dkt. No. 18-6.

Ramiz nevertheless purports to take issue with the timing of the Trust and Dave's Joint Declaration, claiming that because "[t]he Trust signed its PSLRA certification on [May 27,

---

[4] *See, e.g.*, *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1019-27 (N.D. Cal. 1999); *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *4 (N.D. Cal. Apr. 28, 2016); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 450-51 (C.D. Cal. 2002); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *7-9 (C.D. Cal. May 2, 2006).
[5] *See, e.g.*, *Crawford v. Onyx Software Corp.*, No. C01-13461, 2002 WL 356760, at *2 (W.D. Wash. Jan. 10, 2002); *Apple v. LJ Int'l Inc.*, No. CV 07-6076 GAF (JWJx), 2008 WL 11343371, at *4 (C.D. Cal. Feb. 8, 2008).
[6] *See, e.g.*, *Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*, No. 2:24-cv-04566-CBM-PVC, 2025 WL 29449, at *3 (C.D. Cal. Jan. 2, 2025); *Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, 22-24 (D. Mass. 2000); *In re Level 3 Commc'ns, Inc. Sec. Litig.*, No. 09-CV-00200-PAB-CBS, 2009 WL 10684924, at *3-4 (D. Colo. May 4, 2009).

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

2025]"—*i.e.*, the statutory deadline to seek appointment as Lead Plaintiff in this Action—"and the Joint Declaration with Dave is dated May 27, 2025," the Trust and Dave's lead plaintiff motion constitutes a "last-minute joint filing."  Dkt. No. 38 at 3.  Ramiz's argument is puzzling, given that his own certification was also signed on May 27, 2025, and also considering that Ramiz filed his Lead Plaintiff motion only hours before the Trust and Dave filed theirs.  *See* Dkt. No. 10-3.  Further, Ramiz conveniently fails to mention that Dave signed her certification on April 10, 2025, *47 days* before Ramiz executed his certification.  Dkt. No. 18-5 at *5-6.  In sum, Ramiz has not explained why the timing of his own decision to enter into this litigation should be considered any less "last-minute" than the Trust and Dave's.

### 2.    The Trust Has Established Winn's Authority to Act on its Behalf

Next, Ramiz claims that the Trust and Dave's motion must be denied because "[t]he Trust failed to provide the information necessary to establish [Winn's] authority" to act on its behalf in this litigation.  Dkt. No. 38 at 10.  This argument is meritless.  It is black-letter law that the trustee has the authority to enter into litigation on behalf of a trust.  *See*, *e.g.*, Restatement (Third) of Trusts § 107 (2007) ("A trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries."); *see also Weisz*, 2002 WL 32818827, *7 (noting that "there is no dispute that a trustee has standing to bring a securities fraud action" on behalf of a trust); *Turkish v. Kasenetz*, 964 F. Supp. 689, 696 (E.D.N.Y. 2007) (holding that plaintiff "properly sues as trustee of the . . . Trust").  Here, Winn attested under penalty of perjury that he is the trustee and has the "authority to bind the Trust and enter into litigation on its behalf."  Dkt. No. 18-5 at *2. Contrary to Ramiz's contention, then, Winn plainly ***has*** made a sworn statement "provid[ing] the information necessary to establish [his] authority" to act on behalf of the Trust in this litigation. Ramiz has not even attempted to explain why the Court should not credit Winn's attestation under penalty of perjury, let alone succeeded in doing so.

Indeed, courts routinely appoint as lead plaintiffs trusts whose PSLRA certifications— sworn statements, made under penalty of perjury—were executed by a trustee, without requiring

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

any additional "documentation" to demonstrate the trustees' authority, as Ramiz suggests is necessary. *See, e.g.*, *Seidel*, 2009 WL 700782, at *4 (rejecting competing movant's contention that trustee "failed to provide detailed documentation in support of his authority to represent [a] Trust" upon finding that trustee "certified, under penalty of perjury, that he is Trustee for the Trust" and that competing movant "adduce[d] no evidence that [movant trustee] is not, in fact, sole Trustee for the Trust, or that he does not have authority to act on behalf of the Trust"); *Accuray*, 2009 WL 3517667, at *2-3 (appointing as lead plaintiff movant group including trust whose PSLRA certification was executed by its trustee). Significantly, in at least two separate PSLRA actions within the past five years—*Shafer v. Lightning eMotors, Inc et al*, No. 1:21-cv-02774 (D. Colo.); *Voigt v. Lumen Technologies Inc et al*, No. 3:23-cv-00286 (W.D. La.)— Ramiz's own counsel has represented trusts that were appointed Lead Plaintiff after submitting certifications substantively identical to what the Trust submitted here. *See* Declaration of Jennifer Pafiti in Further Support of Motion ("Pafiti Reply Decl."), Exhibits A, B. As Ramiz's counsel is aware, the court in *Lumen* confirmed the sufficiency of this type of proffer when it appointed the trust represented by counsel for Ramiz as co-lead plaintiff. *See* Pafiti Reply Decl., Exhibit C. Conspicuously, in neither of these cases did the trusts provide "proof or documentation of [the trustee's authority to act on the trust's behalf] or that the [t]rust's beneficiaries exist[ed] or even kn[e]w about th[e] litigation," as Ramiz incorrectly argues is required here. Dkt. No. 38 at 11.

In ostensible support of his argument, Ramiz cites exactly one case—*Bhojwani v. Pistiolis*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 2197836 (S.D.N.Y. June 26, 2007)— involving the authorization of a trustee to act on behalf of a legal entity in a PSLRA action. Yet *Bhojwani* is easily distinguished. There, the court found that an individual movant was not entitled to aggregate his personal investment losses with those of a family business of which he was trustee "because the family business ***is not the movant*** in this case". *Id.* at *5 (emphasis added). Here, by contrast, the Trust ***is*** the movant. Winn signed the Certification ***expressly*** in his capacity as Trustee of the Trust, and this motion seeks appointment of only the ***Trust***—not Winn

7

individually, nor any associated individuals or entities—as a Co-Lead Plaintiff in this Action. Ramiz cites a second case, *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572 (D.N.J. 2001), but *Chubb* did not involve a trust at all, and merely involved wholly unrelated standing questions related to the actual ownership of the relevant securities.  Here, Ramiz has merely questioned (baselessly) Winn's authority to act on behalf of the Trust, not whether the Trust actually owned the SoundHound shares at issue in this litigation.

### B.    THE COMPETING MOTIONS SHOULD BE DENIED

As discussed at length in the Trust and Dave's opposition brief, Wisner and Hackett and Ramiz are atypical and inadequate within the meaning of Rule 23, as well as subject to unique defenses.  *See* Dkt. No. 36 at 3-5, 8-14.  Specifically, Hackett and Ramiz are serial in-and-out traders, while Ramiz is also a pattern high-frequency day trader.  *See id.*  Courts generally decline to appoint in-and-out traders and day traders as lead plaintiffs in PSLRA actions, finding them to be inadequate and/or atypical class representatives, and/or subject to unique defenses, because their trading patterns mean that they will frequently have difficulty establishing loss causation. *See, e.g.*, *Jaszczyszyn v. Sunpower Corp.*, No. 22-cv-00956-HSG, 2022 WL 10208559, at *3 (N.D. Cal. Oct. 13, 2022) (finding that in-and-out trader "[did] not meet the typicality or adequacy requirements of Rule 23, as he would, at minimum, be subject to unique defenses regarding loss causation and his reliance on Defendants' misrepresentations"); *Applestein v. Medivation, Inc.*, C10-00998 MHP, 2010 WL 3749406, at *3 (N.D. Cal. Sept. 20, 2010) (day traders "typically focus[] on technical price movements rather than price, and therefore are subject to a defense the they would have purchased the stock at issue regardless of the misstatement/omission") (internal quotations omitted).

Here, Hackett was wholly in and out of his position in SoundHound stock—that is, he purchased SoundHound shares and shortly thereafter sold *all* of those shares—a total of *nine* times during the Class Period, implicating purchases and sales of 129,900 shares of SoundHound stock, and Ramiz was wholly in and out of his position in SoundHound stock a total of *eleven*

times during the Class Period, implicating purchases and sales of 858,325 shares of SoundHound stock. *See* Dkt. No. 36 at 4, 9; *see also* Dkt. Nos. 21-2 at *5-7; 21-3 at *2-4; 10-3 at 3-95; 10-4. These highly unusual trading patterns may raise questions as to the recoverability of Wisner and Hackett and Ramiz's investment losses at a later stage of this litigation.

Moreover, Ramiz both purchased and sold SoundHound stock on *29* of the *36* days on which he traded shares and, on several of the days in which he both purchased and sold SoundHound stock, Ramiz cumulatively traded tens of thousands of shares. *See* Dkt. No. 36 at 11; *see also* Dkt. No. 10-3 at 3-95. Given the sheer volume of same-day purchases and sales listed in the *94-page* schedule setting forth Ramiz's approximately *3,700* Class Period transactions in SoundHound stock, it is clear that Ramiz was trading based on daily market volatility rather than in reliance upon the Defendants' alleged misrepresentations. *See id.*

In addition, Wisner's apparent prior misconduct—which includes, among other things, burglary, forgery, and robbery—raises legitimate questions implicating his fitness to serve as a fiduciary to the Class in this Action. *See* Dkt. No. 36 at 14-15. "[O]n more than one occasion courts have found that an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary." *In re Surebeam Corp. Secs. Litig.*, NO. 03-CV-1721 JM (POR), 2004 WL 5159061, at *7 (S.D. Cal. Dec. 31, 2003). Despite the obvious relevance of these issues to Wisner's fitness to serve as a Class representative, Wisner did not disclose his prior misconduct when he filed his Lead Plaintiff motion (*see generally* Dkt. No. 21), nor did he address it in his opposition brief (*see generally* Dkt. No. 37). Wisner's lack of candor on the subject only compounds his inadequacy to serve as Lead Plaintiff. *See, e.g., AcelRx Pharmaceuticals*, 2021 WL 5964596, at *4 (refusing to appoint lead plaintiff movant with largest alleged loss due to unrelated conviction).

*AcelRx* is particularly instructive. There, the court denied a lead plaintiff movant that failed to disclose a 26-year-old offense for embezzling from two different companies at which he was employed. *See id.* at *4. The court expressed "serious concerns about [the movant's] candor

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

to his attorney and [the court] regarding his misconduct" given that the movant "did not disclose the offenses in his own motion, and as became clear at [a subsequent] hearing, he did not even disclose them to his own counsel until after counsel for [competing movants] confronted them about it." *Id.*  Moreover, the court stated that the movant's "failure to disclose his prior felony embezzlement conviction to his own attorney raises the concern that his personal conduct will at least be a distraction from the case in chief or actually create unique defenses to be raised against him in discovery and later phases of the case." *Id.*

Wisner and Hackett and Ramiz have had multiple opportunities to address the foregoing issues but have chosen not to do so.  To the extent that they address these issues in their reply briefs, the Trust and Dave respectfully submit that doing so belatedly, only after "inquiry and prodding", cannot "cure [their] deficienc[ies]" as Class representatives.  *Jumei*, 2020 WL 5291872, at *5 (denying motion by movant that provided relevant background information only after multiple rounds of briefing, comparing the process to "pull[ing] teeth").  Should Wisner and Hackett and/or Ramiz attempt to explain for the first time in the reply papers why these issues are not disqualifying, the Trust and Dave respectfully reserve their right to request leave to file a sur-reply to address any arguments raised for the first time in reply.

III.    CONCLUSION

For the foregoing reasons, the Trust and Dave respectfully request that the Court issue an Order: (1) appointing the Trust and Dave as Co-Lead Plaintiffs for the Class; and (2) approving the Trust and Dave's selection of Pomerantz as Lead Counsel for the Class.

Dated: June 17, 2025                                Respectfully submitted,

POMERANTZ LLP

/s/ Jennifer Pafiti
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

POMERANTZ LLP
Jeremy A. Lieberman (*pro hac vice*)
J. Alexander Hood II (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants St. John Family Trust U/A DTD 08/19/1991 and Payal Dave and Proposed Lead Counsel for the Class*

KEHOE LAW FIRM, P.C.
Michael K. Yarnoff
(*pro hac vice* application forthcoming)
2001 Market Street
Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 792-6676
myarnoff@kehoelawfirm.com

*Additional Counsel for Co-Lead Plaintiff Movants St. John Family Trust U/A DTD 08/19/1991 and Payal Dave*

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL

## PROOF OF SERVICE

I hereby certify that on June 17, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ST. JOHN FAMILY TRUST U/A DTD 08/19/1991 AND PAYAL DAVE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL - 3:25-cv-02915-RFL