# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

DIANE VOIGT, individually and on
behalf of all others similarly situated,

                    Plaintiff,

     v.

LUMEN TECHNOLOGIES, INC. JEFF K.
STOREY, INDRANEEL DEV, CHRISTOPHER
D. STANSBURY, EDWARD MORCHE,
MAXINE L. MOREAU, and SHAUN C.
ANDREWS,

                    Defendants.

Case No. 3:23-cv-00286-TAD-KDM

**ORDER APPOINTING DOUGLAS AND BARBARA EVANS, INDIVIDUALLY, AND AS TRUSTEES OF THE DOUGLAS P. EVANS LIVING TRUST U/A DATED 08/24/2010 AND GEORGE SANCHEZ AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD COUNSEL**

WHEREAS, the above-captioned putative class action asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") has been filed in the Western District of Louisiana (the "Action");

WHEREAS, movants Douglas Evans and Barbara Evans, individually, and, as Trustees on behalf of The Douglas P. Evans Living Trust U/A dated 08/24/2010 ("Evans") filed a timely motion to be appointed Lead Plaintiffs;

WHEREAS, movant George Sanchez ("Sanchez") filed a timely motion to be appointed Lead Plaintiff;

WHEREAS, movants Sanchez and Evans have the largest financial interest in the relief sought by the Class and otherwise satisfy the requirements of Section 21D of the Exchange Act and Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, Sanchez and Evans who together claim the largest financial interest of any remaining movants, concluded that a protracted dispute concerning lead plaintiff appointment in this action is not in the best interests of the class and that jointly prosecuting this litigation would be appropriate and assist with the speedy commencement of this litigation and have agreed to resolve their competing motions and to seek, with the Court's approval, to serve jointly as lead plaintiff;

WHEREAS, Sanchez and Evans are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately and avoid any duplication of effort in the conduct of the litigation; and

WHEREAS, in accordance with Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), Sanchez and Evans seek approval of their selection of Faruqi & Faruqi, LLP and Robbins Geller Rudman & Dowd LLP to serve as Co-Lead Counsel and for Gold, Weems,

Bruser, Sues & Rundell and Lemon Law Firm, LLC to serve as Co-Liaison Counsel for the putative Class.

AND NOW THIS 24th day of May, 2023, the Court having considered Sanchez and Evans' Motions for (1) Appointment as Lead Plaintiff and (2) Approval of Lead Counsel, and all supporting documents, and their Stipulation agreeing to work together for the putative class in this Action, and good cause appearing therefore and noting the lack of opposition, it is hereby **ORDERED** as follows:

**LEAD PLAINTIFFS**

1.      Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), Movants Sanchez and Evans are hereby appointed to serve as Lead Plaintiff in the Action for the putative Class.

**LEAD AND LIAISON COUNSEL**

2.      Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), Faruqi & Faruqi, LLP and Robbins Geller Rudman & Dowd LLP are approved to serve as Co-Lead Counsel for the putative Class and Gold, Weems, Bruser, Sues & Rundell and Lemon Law Firm, LLC are appointed to serve as Co-Liaison Counsel for the putative Class.

3.      Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate as appropriate:

    a.      to coordinate the briefing and argument of any and all motions;

    b.      to coordinate the conduct of any and all discovery proceedings;

    c.      to coordinate the examination of any and all witnesses in depositions;

2

d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for defendants;

g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h. to coordinate the preparation and filings of all pleadings; and

i. to supervise all other matters concerning the prosecution or resolution of the action, including the engaging of additional counsel.

4. With respect to scheduling and/or procedural matters, defendants' counsel may rely upon all agreements with Co-Lead Counsel.

5. No pleadings or other papers shall be filed or discovery conducted by any plaintiff in the action except as directed or undertaken by Co-Lead Counsel.

6. Counsel in any related action that is consolidated with this action shall be bound by this organizational structure.

7. With respect to any documents that are not subject to electronic filing as specified in the Court's electronic filing rules and procedures, defendants shall effect service of papers on Co-Lead Plaintiffs by serving copies on Co-Lead Counsel by electronic mail. With respect to any documents that are not subject to electronic filing as specified in the Court's electronic filing rules and procedures, Co-Lead Plaintiffs shall effect service of papers on defendants by serving

copies on each of their counsel by electronic mail. Courtesy copies of all filings so delivered shall be sent by telecopy to Co-Lead Counsel, or defendants' counsel, as applicable.

8.        Every pleading filed in the Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| In re: LUMEN TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 3:23-cv-00286-TAD-KDM |

9.        All related actions subsequently filed in, or transferred to, this District shall be consolidated into the action and subject to this order.

10.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action with good cause shown.

IT IS SO ORDERED. DATED: 24th day of May, 2023._____

_____
HON. KAYLA D. MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

4