UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVAR LILES,<br><br>          Plaintiff,<br><br>     v.<br><br>SOUNDHOUND AI, INC., et al.,<br><br>          Defendants. | Case No.  25-cv-02915-RFL<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 10, 18, 21, 24, 28 |

     This is a securities class action against SoundHound AI, Inc. and other defendants.  The action was filed on behalf of persons and entities who purchased or otherwise acquired SoundHound securities between May 10, 2024, and March 3, 2025.  Before the Court are competing motions for lead plaintiff and lead counsel appointment.

     *Appointment of Lead Plaintiff*.  The process for appointing a lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA") involves three steps.  15 U.S.C. § 78u-4(a)(3)(B); *see also In re Stitch Fix, Inc. Securities Litigation*, 393 F. Supp. 3d. 833, 835 (N.D. Cal. 2019).  The first step is for the plaintiff in the first-filed action to "publiciz[e] the pendency of the action, the claims made and the purported class period" in "a widely circulated national business-oriented publication or wire service."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(A)).  The notice must "also state that any member of the purported class may move the court to serve as lead plaintiff."  *Id.* (internal quotations omitted).  There is no dispute that this step was adequately completed by plaintiff Trevar Liles.  (*See* Dkt. No. 4 (Notice of Publication).)

     In step two, the Court determines presumptive lead plaintiff status relying on the "presumptive lead plaintiff's complaint and sworn certification."  *Id.* at 730.  In step three, the

other plaintiffs have "an opportunity to rebut the presumptive lead plaintiff's showing" by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Id*. By statute, this presumption is rebuttable in only two ways: proof that the presumptive plaintiff either (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that make the plaintiff unable to adequately represent the class. 15 U.S.C. § 78u–4 (a)(3)(B)(iii)(II)(aa)-(bb). "There is no requirement at this early stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial." *In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 26, 2012). The point of this requirement is "not to adjudicate the case before it has even begun, but rather to protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole." *Id.* During this process, the Court considers "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

The process here started with six lead plaintiff applications, some of which are running as groups. The PSLRA expressly contemplates that a "group of persons" may collectively serve as a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Three of the movants withdrew their candidacy or filed notices of non-opposition. (Dkt. Nos. 33, 34, 35.) The Ninth Circuit has not spoken on "whether a group can satisfy the 'largest financial interest' requirement by aggregating losses." *Cavanaugh*, 306 F.3d at 731 n.8. Assuming without deciding that aggregation is allowed, the remaining movants appear to have claimed losses in the following order, from largest to smallest: (1) Tamar Wisner and William Hackett; (2) the St. John Family Trust and Payal Dave ("Trust and Dave"); and (3) Samih Ramiz. They are discussed in that order below.

*Wisner and Hackett.* There is a substantial likelihood that both Wisner and Hackett are subject to unique defenses. Hackett's in-and-out trading history—in which he sold and re-purchased his entire position nine times during the class period—is disqualifying here. While

occasional in-and-out trading does not necessarily defeat typicality, a class member who fully liquidated and reestablished their positions multiple times is more likely to face unique defenses as to reliance or loss causation, increasing the risk that their claims will not align with those of the class. *See, e.g.*, *Jaszczyszyn v. Sunpower Corp.*, No. 22-cv-00956-HSG, 2022 WL 10208559, at *3 (N.D. Cal. Oct. 13, 2022) (finding that in-and-out trader did not meet typicality or adequacy requirements of Rule 23).

Moreover, the Court is troubled by Wisner's lack of candor in disclosing his prior felony convictions for burglary, forgery, and robbery. As with one of the rejected movants in *Sneed v. AcelRx Pharm., Inc.*, No. 21-cv-04353-BLF, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021), Wisner did not disclose the offenses in his initial motion. While these convictions on their own may not have been disqualifying, they are significant enough that they should have been memorable to Wisner and voluntarily disclosed. His failure to do so raises "serious concerns" that "his personal conduct will at least be a distraction from the case in chief or actually create unique defenses to be raised against him in discovery and later phases of the case." *Id.* at *4.

***Trust and Dave.*** Trust[1] and Dave have sufficiently shown that they will fairly and adequately protect the interests of the class. While some courts have expressed concern about appointing unrelated individuals as joint lead plaintiffs, those concerns are substantially diminished where, as here, the movant group is small and have stated a commitment to cooperatively prosecute this litigation on behalf of the class. (Dkt. No. 18-6); *see also Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *4, *7 (N.D. Cal. May 10, 2016). Moreover, both Trust and Dave have substantial financial interests in the litigation, and their stakes are relatively comparable. This alignment ensures that each has a strong incentive to vigorously pursue the claims on behalf of the class. And because there is no indication that either Trust or Dave is subject to unique defenses that would render them atypical or inadequate, the Court appoints them as Lead Plaintiffs in this putative shareholder class action.

---

[1] The Trust has adequately demonstrated that Matthew Winn, a trustee, possesses the authority to act on behalf of the trust. (Dkt. No. 18-6 ¶ 2.)

*Ramiz.* If aggregation of losses is not allowed, Ramiz's application would have been considered before Trust and Dave's. But that would not change the outcome, as Ramiz faces the same issue as Hackett: Ramiz fully liquidated and reestablished his position in SoundHound stock a total of eleven times during the class period. As discussed above, such in-and-out trading behavior subjects Ramiz to unique defenses that diminishes his ability to adequately represent the class.

*Appointment of Lead Counsel.* Under the PSLRA, the Court must also appoint lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). "While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734 (citations omitted). Trust and Dave have selected the firm of Pomerantz LLP, who are experienced and qualified counsel. The Court sees no reason to disagree with their selection. Pomerantz LLP is appointed Lead Counsel for the putative class in this shareholder class action.

*Case Schedule and Next Steps.* The parties shall include a proposed schedule for Lead Plaintiffs' filing of a consolidated complaint and for Defendants' response to the complaint in the case management statement currently due July 23, 2025. The parties are further advised that Judge Lin's Civil Standing Order requires the plaintiff to file a chart summarizing the information required by 15 U.S.C. § 78u-4(b)(1) and (2) within 14 days of service of the consolidated complaint.

**IT IS SO ORDERED.**

Dated: July 14, 2025

RITA F. LIN
United States District Judge

4