JORDAN ETH (CA SBN 121617)
JEth@mofo.com
RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JAMES R. HANCOCK (CA SBN 293786)
JHancock@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

*Attorneys for Defendants SoundHound AI, Inc.,*
*Keyvan Mohajer, and Nitesh Sharan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. JOHN FAMILY TRUST, PAYAL DAVE, and JEAN LUZINCOURT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN,<br><br>Defendants. | Case No.:  3:25-cv-02915-RFL<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO THE COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date: April 28, 2026<br>Time: 10:00 a.m.<br>Ctrm: Courtroom 15 – 18th Floor<br><br>Date Filed: March 28, 2025<br>Trial Date: None Set |

DEFENDANTS' REQUEST FOR CONSIDERATION AND
JUDICIAL NOTICE

CASE NO. 3:25-cv-02915-RFL

Defendants SoundHound AI, Inc. ("SoundHound"), Keyvan Mohajer, and Nitesh Sharan (together with SoundHound, "Defendants") have moved to dismiss Plaintiffs' Amended Class Action Complaint (ECF 56) (the "Complaint"). In support of their Motion, Defendants request that the Court consider certain documents incorporated by reference in the Complaint and take judicial notice of certain documents attached to the Declaration of James R. Hancock (the "Hancock Declaration").

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" and "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008). "If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011). Additionally, Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Exhibits 1 to 12 of the Hancock Declaration meet one or more of the foregoing standards. Accordingly, the Court should consider these documents when ruling on Defendants' Motion.

I.      ARGUMENT

A.   The Court Should Consider Documents Referenced in the Complaint

The Court should consider documents incorporated by reference in the Complaint. The incorporation by reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

A document is incorporated by reference into a complaint "if the plaintiff refers extensively to the document." *Id*. A document is also incorporated by reference when it "forms the basis of the plaintiff's claim." *Id*. That is true even where the complaint does not directly refer to the document.

*Id*. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Royal Oak Ret. System v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (same).

The Ninth Circuit and Supreme Court also have cautioned that alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996). "Plaintiffs must demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression." *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1131 (9th Cir. 2025). Accordingly, documents alleged to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Plaintiffs cite and refer to Exhibits 1-9, 11-12 to support their arguments in the Complaint. Plaintiffs have excerpted challenged statements from Exhibits 2-6. Plaintiffs also refer to and necessarily rely on Exhibits 1, 7-9, and 11-12 in support of the Complaint's allegations. The Court should consider the contents of these documents, all of which are incorporated by reference in the Complaint, as summarized in the following table.

| Ex. | Description | Complaint ¶¶ |
|---|---|---|
| 1 | SoundHound's Form 10-Q, as filed with the SEC on November 15, 2023 | 75, 76 |
| 2 | SoundHound's Form 10-K, as filed with the SEC on March 1, 2024 | 79, 101, 109, 111 |
| 3 | SoundHound's Form 10-Q, as filed with the SEC on May 10, 2024 | 80, 101, 113, 115 |
| 4 | SoundHound's Form 10-Q, as filed with the SEC on August 9, 2024 | 81, 118, 120 |
| 5 | SoundHound's Form 10-Q, as filed with the SEC on November 12, 2024 | 64, 67, 71, 82, 102, 107, 122, 124, 126, 128, 132, 170, 171, 175, 176 |
| 6 | SoundHound's Form S-3, as filed with the SEC on January 28, 2025 | 132, 153 |
| 7 | SoundHound's Form 12b-25, as filed with the SEC on March 4, 2025 | 98, 135 |
| 8 | SoundHound's Form 10-K, as filed with the SEC on March 11, 2025 | 100, 101, 102, 103, 104 |

| Ex. | Description | Complaint ¶¶ |
|---|---|---|
| 9 | SEC Staff Accounting Bulletin No. 99 | 178 |
| 11 | Compilation of Forms 3 and 4 filed with the SEC on behalf of Keyvan Mohajer between May 6, 2022, and October 10, 2025 | 153, 154, 155, 159, 162 |
| 12 | Compilation of Forms 4 filed with the SEC on behalf of Nitesh Sharan between August 9, 2022, and October 16, 2025 | 160, 161, 162, 163, 164 |

### B. The Court Should Also Consider Certain Documents Because They Are Subject to Judicial Notice [1]

#### 1. The Court Should Take Judicial Notice of SoundHound's SEC Filings

The Court should take judicial notice of the contents of SoundHound's SEC filings, Exhibits 1-8, 11-12. The Ninth Circuit has held that it is appropriate to take judicial notice of SEC filings when ruling on a motion to dismiss. *See Metzler*, 540 F.3d at 1064 & n.7; *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 (9th Cir. 2006). Because SEC filings are publicly available, the Court can take judicial notice of each SEC filing and the fact that the information therein was disclosed to investors. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Metzler*, 540 F.3d at 1064 n.7; *Kipling v. Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020).

The Court can also take judicial notice of SEC Form 4 filings "in order to prove that stock sales were made or not made." *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017). "Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action." *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018); *see also In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (taking judicial notice of Forms 4); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (same).

Accordingly, the Court should take judicial notice of the following SEC filings attached to the Hancock Declaration.

---

[1] Exhibits 1-8 are incorporated by reference into the Complaint. Judicial notice provides an additional, independent ground for the Court to consider these documents.

| Ex. | Description |
|-----|-------------|
| 1 | SoundHound's Form 10-Q, as filed with the SEC on November 15, 2023 |
| 2 | SoundHound's Form 10-K, as filed with the SEC on March 1, 2024 |
| 3 | SoundHound's Form 10-Q, as filed with the SEC on May 10, 2024 |
| 4 | SoundHound's Form 10-Q, as filed with the SEC on August 9, 2024 |
| 5 | SoundHound's Form 10-Q, as filed with the SEC on November 12, 2024 |
| 6 | SoundHound's Form S-3, as filed with the SEC on January 28, 2025 |
| 7 | SoundHound's Form 12b-25, as filed with the SEC on March 4, 2025 |
| 8 | SoundHound's Form 10-K, as filed with the SEC on March 11, 2025 |
| 11 | Compilation of Forms 3 and 4 filed with the SEC on behalf of Keyvan Mohajer between May 6, 2022, and October 10, 2025 |
| 12 | Compilation of Forms 4 filed with the SEC on behalf of Nitesh Sharan between August 9, 2022, and October 16, 2025 |

### 2. The Court Should Take Judicial Notice of SoundHound's Stock Price Data

The Court may take judicial notice of Exhibit 10 to the Hancock Declaration. Exhibit 10 is a table listing SoundHound's stock prices from April 28, 2022, to October 1, 2025. It was obtained from the Nasdaq website, https://www.nasdaq.com/market-activity/stocks/soun/historical.

Courts routinely take judicial notice of a company's stock price and other historical stock price information. *Metzler*, 540 F.3d at 1064 n.7; *see Kim v. Advanced Micro Devices, Inc.*, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019) (taking judicial notice of historical stock prices); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004). Stock prices are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2); *ScripsAmerica, Inc. v. Ironridge Glob. IV LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015) ("Because publicly traded companies' historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."). The Nasdaq website is a source whose accuracy cannot be reasonably questioned. *In re Blue Earth, Inc. Sec. Litig.*, 2015 WL 12001274 at *1 n.1 (C.D. Cal. Nov. 3, 2015) (taking judicial notice of "closing stock prices" from "Nasdaq's website" when ruling on a motion to dismiss).

| Ex. | Description |
|-----|-------------|
| 10 | Table listing data regarding the daily stock price for SoundHound's common stock (stock symbol "SOUN") from April 28, 2022 through October 1, 2025, obtained from the Nasdaq website, https://www.nasdaq.com/market-activity/stocks/soun/historical |

**II.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take judicial notice of the contents of **Exhibits 1-12** to the Hancock Declaration.

DATED: December 12, 2025                MORRISON & FOERSTER LLP

_/s/ Ryan M. Keats_

Jordan Eth
Ryan M. Keats
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

James R. Hancock
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

_Attorneys for Defendants SoundHound AI, Inc., Keyvan Mohajer, and Nitesh Sharan_