POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
Justin D. D'Aloia (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York  10016
Telephone: (212) 610-1100
jpafiti@pomlaw.com
jdaloia@pomlaw.com

*Counsel for Lead Plaintiffs and Lead*
*Counsel for the Proposed Class*

—additional counsel on signature page—

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. JOHN FAMILY TRUST, PAYAL DAVE, and JEAN LUZINCOURT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN,<br><br>Defendants. | Case No. 3:25-cv-02915-RFL<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PARAGRAPHS 14-34 FROM THE DECLARATION OF JAMES R. HANCOCK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT<br><br>Date: April 28, 2026<br>Time: 10:00 a.m.<br>Ctrm: Courtroom 15 – 18th Floor<br><br>Date Filed: December 12, 2025<br>Trial Date: None Set |

## **NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on April 28, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Rita F. Lin, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 15, 18th Floor, Plaintiffs St. John Family Trust, Payal Dave, and Jean Luzincourt ("Plaintiffs") will, and hereby do, move pursuant to Federal Rule of Civil Procedure 12(f), Local Civil Rule 7.2, as permitted by the Court's Standing Order for Civil Cases ("Standing Order"), and the Court's inherent authority, to strike Paragraphs 14-34 from the Declaration of James R. Hancock (ECF No. 62) ("Hancock Declaration" or "Hancock Decl.") in Support of Defendants' SoundHound AI, Inc. ("SOUN" or the "Company"), Keyvan Mohajer, and Nitesh Sharan (together with SOUN, "Defendants") Motion to Dismiss the Amended Class Action Complaint and references thereto in Defendants' accompanying Memorandum of Points and Authorities ("Memorandum") (ECF No. 61).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and such other arguments and materials as may be presented before this Motion is taken under submission.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Federal Rule of Civil Procedure 12(f) provides district courts with the right to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, district courts possess inherent authority to control their own dockets. *See, e.g.*, *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (citing *Landis v. N. Am.*, 299 U.S. 248, 254 (1936)). "The Ninth Circuit has affirmed that this power includes the right to strike documents other than pleadings from its dockets." *Id.* (citing *Lamos v. Astrue*, 275 F. App'x 617, 618 (9th Cir. 2008) and *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991)).

This Court limits briefs filed in support of and opposition to motions to dismiss to fifteen (15) pages absent leave from the Court. Standing Order at 6. On December 12, 2025, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants moved to dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 56) ("Complaint"). Along with their 15-page Memorandum, Defendants submit four pages of additional argument and conclusions in the Hancock Declaration. *See* Hancock Decl. ¶¶14-34. Such argument goes beyond what is appropriate for a declaration and, as explained below, far exceeds the limits of appropriate argument at the pleading stage. Accordingly, paragraphs 14-34 of the Hancock Declaration should be summarily stricken and any references thereto in Defendants' Memorandum disregarded.

### II.    HANCOCK DECLARATION CONTAINS IMPROPER ARGUMENT

Page limits "maintain judicial efficiency and ensure fairness to opposing parties." *DeMassa v. Butler* (*In re MacIntyre*), 181 B.R. 420, 422 (B.A.P. 9th Cir. 1995), *aff'd*, 77 F.3d 489 (9th Cir. 1996). "Declarations . . . should not be used to make an end-run around the page limitations . . . by including legal arguments outside of the briefs." *King Cty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (citing Fed. R. Civ. P. 56(e)); *see also, e.g.*, *Exec. Leasing Corp. v. Banco Popular de Puerto Rico,* 48 F.3d 66, 67 (1st Cir. 1995) (admonishing that "attorneys cannot circumvent" applicable page limits "by incorporating by reference" arguments made elsewhere, and that any argument they wish the court to consider, "must appear within the four corners of the brief").

1

Yet this is precisely what Defendants attempt to do here with the Hancock Declaration. Defendants had 15 pages to present their factual and legal basis as to why the Complaint failed to state a claim under Rule 12(b)(6)—which they used. But Defendants also attempt to use the Hancock Declaration to expand on their scienter arguments, providing four attorney-generated charts pertaining to Defendant Mohajer's and Sharan's transactions in SOUN stock and presenting counsel's conclusions drawn therefrom to undermine Plaintiffs' allegations. *See* Hancock Decl. at 2-5; *see also* Memorandum at 10-11. In addition, Defendants attempt to use the Hancock Declaration to further their premature factual disputes at the pleading stage to challenge loss causation by presenting counsel's conclusions drawn from its analysis of SOUN's stock price. *See* Hancock Decl. at 5-6; *see also* Memorandum at 15.

As courts nationwide have recognized, such argument presented outside the four corners of the brief is improper and contravenes court-approved page limits. Consequently, it is routinely stricken from the record. *See, e.g.*, *Moussouris v. Microsoft Corp.*, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018), *aff'd*, 799 F. App'x 459 (9th Cir. 2019) (holding counsel generated chart "should be stricken as improper legal argument outside the court-approved page limit" finding the "chart, while couched in factual assertions, contains significant argument regarding why several of [opposing party]'s assertions are erroneous. [] Such argument goes beyond what is appropriate for a declaration."); *Acadia Pharms.*, 2020 WL 2838686, at *3 (striking attorney generated chart submitted with motion to dismiss holding "[t]his is simply an extension of Defendants' argument and thus, Defendants' have exceeded the 25-page limit for their briefs"); *Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (striking addendum to motion to dismiss finding it "allows Defendants to make further arguments in violation of Local Rule" page limitation because it "highlights what Defendants contend are defects in Plaintiff's pleadings."); *Sierra Club v. BNSF Ry. Co.*, 2017 WL 3141899, at *1 (W.D. Wash. July 25, 2017) (striking legal arguments in declarations that were "an attempt to circumvent the reply brief page limits"); *Volterra Semiconductor Corp. v. Primarion, Inc.*, 2013 WL 6905555, at *7 (N.D. Cal. Nov. 18, 2013) (declining to consider declaration "to the extent that [the] declaration contains legal argument and conclusions that are properly included in [party]'s legal brief (which is subject to a 25–page limit) rather than a supporting declaration"); *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, *7 (N.D. Cal. Nov. 16, 2009) (striking addendum providing defense counsel's argument

2

as to why facts relied on by the plaintiff were immaterial for violating local rule's page limitation holding "defense counsel was required to include all argument within the text of the [] brief"); *see also Monec Holding AG v. Motorola Mobility, Inc.*, 2014 WL 4402825, at *1 (D. Del. Sept. 5, 2014) (striking attorney generated addendum containing "only facts and citations" to other exhibits contained in the record finding it "comparable to the exhibits that were found to contain legal argument and improperly exceed the page limitations"); *Davis v. Novastar Mortg., Inc.*, 408 F.Supp.2d 811, 816 (W.D. Mo. 2005) (disregarding defense counsel's declaration where it contained "characterizations of fact or opinions"); *Anderson v. Aurora Twp.*, 1997 WL 802099, at *2 (N.D. Ill. Dec. 29, 1997) (striking addenda "styled as charts that offer defendants' substantive and evidentiary critique of plaintiffs' facts" finding it "legal argument in a condensed format. As such, they are an ill-concealed attempt to evade the 15 page limitation").

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Paragraphs 14-34 of the Hancock Declaration and disregard any references thereto in Defendants' Memorandum.

//

//

//

//

//

//

//

//

//

3

Dated:  February 10, 2026

Respectfully submitted,

**POMERANTZ LLP**

 /s/ Justin D. D'Aloia
Jeremy A. Lieberman (*pro hac vice* )
Justin D'Aloia (*pro hac vice*)
Guy Yedwab (*pro hac vice* pending)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
jdaloia@pomlaw.com
gyedwab@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiffs and Lead Counsel for the Proposed Class*

**KEHOE LAW FIRM, P.C.**
Michael K. Harnoff (*pro hac vice* forthcoming)
2001 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (954) 916-1202
myarnoff@kehoelawfirm.com

*Additional Counsel for Lead Plaintiffs*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBD 316506)
1160 Battery Street East, Suite 100
San Francisco, CA  94111
Tel: (415) 373-1671
shopkins@zlk.com
gpotrepka@zlk.com
membleton@zlk.com

*Counsel for Plaintiff Jean Luzincourt*

PLAINTIFFS' MOTION TO STRIKE
Case No. 3:25-cv-02915-RFL

**PROOF OF SERVICE**

I hereby certify that on February 10, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Justin D. D'Aloia*
Justin D. D'Aloia
