JORDAN ETH (CA SBN 121617)
JEth@mofo.com
RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JAMES R. HANCOCK (CA SBN 293786)
JHancock@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

*Attorneys for Defendants SoundHound AI, Inc.,
Keyvan Mohajer, and Nitesh Sharan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. JOHN FAMILY TRUST, PAYAL DAVE, and JEAN LUZINCOURT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN,<br><br>Defendants. | Case No.:  3:25-cv-02915-RFL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PARAGRAPHS 14-34 FROM THE DECLARATION OF JAMES R. HANCOCK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date: April 28, 2026<br>Time: 10:00 a.m.<br>Ctrm: Courtroom 15 – 18th Floor<br><br>Date Filed: March 28, 2025<br>Trial Date: None Set |

## I.   INTRODUCTION

Plaintiffs move to strike mathematical facts.  The Hancock Declaration does not apply legal standards, cite case law, or characterize Plaintiffs' allegations.  It tabulates stock trades and prices from publicly available documents, totals the amounts, and shows the straightforward calculations underlying the figures cited in Defendants' motion to dismiss.

Plaintiffs do not dispute the accuracy of those facts.  They do not challenge the authenticity of the underlying documents or oppose judicial notice.  Instead, Plaintiffs argue only that factual attestations and arithmetic constitute improper legal argument in violation of the page limits.

Courts routinely consider declarations containing precisely this type of factual compilation in securities cases.  Plaintiffs cite no case holding otherwise.

The motion to strike should be denied.

## II.   ARGUMENT

### A.   The Hancock Declaration Does Not Contain Legal Argument.

Plaintiffs assert that the Hancock Declaration contains "four pages of additional argument and conclusions" that purportedly "expand on" Defendants' scienter and loss-causation arguments. (Mot.[1] at 1–2.)  That is incorrect.

Defendants' scienter arguments appear entirely in the motion to dismiss.  There, Defendants argued that the insider sales were not suspicious because they represented a small percentage of total holdings, were consistent with prior trading, and were often attributable to sales for tax withholding.  (MTD at 10–11.)  The Hancock Declaration does not advance or rehash those arguments.  It tabulates the transactions and performs the arithmetic underlying the cited percentages. (*Compare id. with* Hancock Decl. ¶¶ 14–30.)

The same is true for loss causation.  The motion argued that Plaintiffs failed to plead a significant or sustained price decline following the alleged corrective disclosure.  (MTD at 14–15.)  The declaration simply identifies the relevant closing prices and calculates the percentage

---

[1] "Mot." refers to Plaintiffs' Motion to Strike Paragraphs 14-34 from the Declaration of James R. Hancock in Support of Defendants' Motion to Dismiss Amended Class Action Complaint. (ECF 65).  "MTD" refers to Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF 61).  All other capitalized terms have the same meanings as defined in the MTD.

movements reflected in the publicly available stock data. (*Compare id. with* Hancock Decl. ¶¶ 31–34.)  Again, the brief contains the legal analysis; the declaration attests to the numbers.

### B. Courts Routinely Consider Declarations Compiling and Calculating Stock Trades and Prices.

Courts routinely consider similar declarations.  In *Leventhal v. Chegg, Inc.*, the court denied a motion to strike an attorney declaration that provided "ownership percentage decreases for individual defendants" and identified the sales made pursuant to Rule 10b5-1 plans and for tax withholding.  721 F. Supp. 3d 1003, 1018 (N.D. Cal. 2024).  There, as here, the court rejected the argument that the declaration was an improper end-run around page limits, holding that it "simply provide[d] factual background to support the legal arguments" in the motion to dismiss.  *Id.* at 1019.

Federal courts across the country have reached the same conclusion.  *See, e.g.*, *Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015) (considering appendices containing "spreadsheets and tabulations" summarizing stock trades); *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, 763 F. Supp. 2d 423, 582–83 (S.D.N.Y. 2011) (denying motion to strike charts summarizing stock data); *Micholle v. Ophthotech Corp.*, 2019 WL 4464802, at *16 n.19 (S.D.N.Y. Sept. 17, 2019) (same); *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882–84 (S.D. Tex. 2001) (considering chart compiling percentages of shares sold during and outside the class period).[2]

Plaintiffs cite no contrary authority.

### C. Plaintiffs' Inapposite Authorities Involve Embedded Legal Arguments.

Plaintiffs' authorities are inapposite.  Not one of those authorities struck a declaration that compiled trading data and performed arithmetic.

First, Plaintiffs cite cases in which courts struck charts and declarations that contained actual legal argument.  In *Monec Holding AG v. Motorola Mobility, Inc.*, 2014 WL 4402825, at *1 (D. Del. Sept. 5, 2014), the court struck a 272-page chart, where the brief contained "no legal analysis" and

---

[2] Indeed, the Ninth Circuit has criticized district courts for failing to take judicial notice of simple math.  *See Miller v. Fed. Land Bank of Spokane*, 587 F.2d 415, 422 (9th Cir. 1978) ("This is a matter of mathematics, of which the court could and should have taken judicial notice.").

referred to a chart for its patent infringement arguments. In *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009), the court struck a chart "listing each fact cited by [the plaintiff] in an attempt to defeat summary judgment" along with "defense counsel's argument as to why that fact does not amount to a material dispute." In *Anderson v. Aurora Twp.*, 1997 WL 802099, at *2 (N.D. Ill. Dec. 29, 1997), the court struck several charts with "legal argument in a condensed format," including "defendants' substantive and evidentiary critique of plaintiffs' facts." In *Sierra Club v. BNSF Ry. Co.*, 276 F. Supp. 3d 1067, 1071 (W.D. Wash. 2017), the court struck 10 declarations, which were submitted on reply for a motion for attorneys' fees, with legal argument outside the page limits. In *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017), the court struck a 30-page appendix with legal argument on "what Defendants contend are defects in Plaintiff's pleadings." In *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020), the court struck a 25-page chart with "additional arguments against falsity" for "108 statements encompassing 38 paragraphs of the complaint." Lastly, in *Moussouris v. Microsoft Corp.*, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018), the court struck a chart where the plaintiffs' reply brief responded to only one "example" of Microsoft's arguments, before pointing the court to a chart titled "Microsoft's alleged variation in the pay and promotion process is not material and/or is not supported by the evidence it cites to," which contained the rest of their legal arguments.

Second, Plaintiffs cite cases in which courts rejected declarations on evidentiary grounds. In *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005), the court struck an attorney declaration opining on witness credibility. In *Volterra Semiconductor Corp. v. Primarion, Inc.*, 2013 WL 6905555, at *7 n.4 (N.D. Cal. Nov. 18, 2013), the court sustained an objection to an attorney declaration making arguments that were not based on personal knowledge.

Third, Plaintiffs cite cases that do not strike declarations at all. The court in *In re MacIntyre*, 181 B.R. 420 (B.A.P. 9th Cir. 1995), imposed sanctions where the party's footnotes were reduced to "a miniscule type size," "excessive," and "attempts to squeeze additional argument into his brief." In *Exec. Leasing Corp. v. Banco Popular de Puerto Rico*, 48 F.3d 66, 67 (1st Cir. 1995),

the court rejected plaintiff's attempt to "incorporate their voluminous district court pleadings by reference" in their appellate brief.

In short, Plaintiffs' authorities strike legal arguments masquerading as evidence. By contrast, the Hancock Declaration attests to judicially noticeable facts and the arithmetic underlying Defendants' motion.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to strike should be denied.

DATED: February 24, 2026                    MORRISON & FOERSTER LLP


                                            /s/ Ryan M. Keats
                                            Jordan Eth
                                            Ryan M. Keats
                                            425 Market Street
                                            San Francisco, California 94105-2482
                                            Telephone: 415.268.7000
                                            Facsimile: 415.268.7522

                                            James R. Hancock
                                            755 Page Mill Road
                                            Palo Alto, California 94304-1018
                                            Telephone: 650.813.5600
                                            Facsimile: 650.494.0792

                                            *Attorneys for Defendants SoundHound AI, Inc., Keyvan Mohajer, and Nitesh Sharan*