UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ST. JOHN FAMILY TRUST, et al.,

Plaintiffs,

v.

SOUNDHOUND AI, INC., et al.,

Defendants.

Case No. 25-cv-02915-RFL

**NOTICE OF QUESTIONS FOR HEARING**

Re: Dkt. No. 61

The Court requests that the parties be prepared to address the following questions at the hearing on Defendants' motion to dismiss set for May 5, 2026, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse:

1. In Mohajer and Sharan's SOX certifications, the two executives certified, among other things, that they were "responsible for establishing and maintaining disclosure controls and procedures . . . and internal control over financial reporting," had "[d]esigned . . . or caused . . . to be designed" internal controls for reliable financial reporting, and had "[e]valuated the effectiveness of [SoundHound's] disclosure controls and procedures." (*See* Dkt. Nos. 62-2 at 145-46, 62-3 at 64-65, 62-4 at 67-68, 62-5 at 74-75.)[1] In the 2024 10-Qs, SoundHound enumerated the various internal control remedial measures discussed in Statements 1, 3, 5, and 7 under the heading: "Management's Plan to Remediate the Material Weaknesses." (*See* Dkt. Nos. 62-3 at 57, 62-4 at 62-63, 62-5 at 66-67.) In light of the SOX certifications, is it reasonable to infer that Mohajer and Sharan are among the "Management" being referred to? If they are, does that permit a strong inference of

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

1

scienter with respect to Statements 1, 3, 5, and 7-9, because all of those statements concern remedial measures to improve SoundHound's internal controls or the disclosure of material changes to the company's internal controls?

2. With respect to the materiality of Statements 10-13, Defendants argue that the focus should not be exclusively on quantitative materiality, while Plaintiffs argue that it is an important metric. Other than the Amended Complaint's calculations regarding the restatements of goodwill by 9.05% and long-term income tax liability by 12.5% (Dkt. No. 56 ¶ 179), neither side has actually calculated the percentage change of the restated items. By what percentages do Plaintiffs calculate that SoundHound restated the remaining items identified in Statements 10-13? Plaintiffs shall provide their calculation to Defendants by May 1, so that Defendants may raise any argument about calculation errors at the hearing.

At the hearing, each side will address each question in the sequence listed above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: April 28, 2026

RITA F. LIN
United States District Judge