**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Justin D. D'Aloia (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 610-1100
jpafiti@pomlaw.com
jdaloia@pomlaw.com

*Counsel for Lead Plaintiffs and Lead Counsel for the Proposed Class*

—additional counsel on signature page—

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ST. JOHN FAMILY TRUST, PAYAL DAVE, and JEAN LUZINCOURT, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SOUNDHOUND AI, INC., KEYVAN MOHAJER, and NITESH SHARAN,

Defendants.

Case No. 3:25-cv-02915-RFL

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

~~UNITED STATES DISTRICT COURT~~

~~NORTHERN DISTRICT OF CALIFORNIA~~

Pursuant to the Court's Civil Standing Order, the Parties state that they have based this [Proposed] Stipulated Protective Order on the Northern District of California's Model Protective Order for Standard Litigation. All deviations from the Model Protective Order for Standard Litigation are reflected in the redline attached as Exhibit 1.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this aAction are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigationAction may be warranted. Accordingly, the pParties hereby stipulate to and petition the court to enter the following Stipulated Protectivethis Order. The pParties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The pParties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a pParty seeks permission from the cCourt to file material under seal.

2. DEFINITIONS

2.12.1 Action: the above-captioned action.

2.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.23 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible thingsDiscovery Material: Discovery Material that qualifya Designating Party believes in good faith qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.34 Counsel (without qualifier):: Outside Counsel of Record and House Counsel (as well as .

2.5 Defendants: Defendants SoundHound AI, Inc., Keyvan Mohajer, and Nitesh Sharan.

2.6 Derivative Material: all information derived from Protected Material, including (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their ~~support staff).~~Counsel that might reveal Protected Material.

2.~~4~~7 Designating Party: a Party or Non-Party that designates ~~information or items~~Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL.~~"~~

~~2.5 Disclosure~~" or "HIGHLY CONFIDENTIAL."

2.8 Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this ~~matter~~Action.

2.~~6~~9 Expert: a person with specialized knowledge or experience in a matter pertinent to the ~~litigation~~Action who has been retained by a Party or its ~~c~~Counsel to serve as an expert witness or as a consultant in this action.

2.~~7~~10 Final Disposition: The later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.11 "HIGHLY CONFIDENTIAL" Discovery Material: Discovery Material that a Designating Party believes in good faith would, if disclosed to another Party or Non-Party, cause a substantial risk of serious harm that could not be avoided by less restrictive means.

2.12 House Counsel: attorneys who are employees of a ~~p~~Party to this ~~action.~~Action (as well as their support staff). House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.~~8~~13 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this ~~a~~Action.

2.~~9~~14 Order: This Stipulated Protective Order.

2.15 Outside Counsel of Record: attorneys who are not employees of a ~~p~~Party to this ~~a~~Action but are retained to represent or advise a ~~p~~Party to this ~~a~~Action and have appeared in this ~~a~~Action on behalf of that ~~p~~Party or are affiliated with a law firm which has appeared on behalf of that ~~p~~Party.

2.~~10~~16 Party: any ~~party to this action~~of the Plaintiffs or Defendants, including all~~ of its~~ officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.~~11~~17 Parties: Plaintiffs and Defendants.

2.18 Plaintiffs: lead plaintiffs St. John Family Trust and Payal Dave and additional plaintiff Jean Luzincourt.

2.19 Producing Party: a Party or Non-Party that produces ~~Disclosure or~~ Discovery Material in this action.

2.~~12~~20 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, all of whom must agree, through non-disclosure agreements or otherwise, to keep Protected Material consistent with the terms of this Order.

2.~~13~~21 Protected Material: any ~~Disclosure or~~ Discovery Material that is designated as "CONFIDENTIAL~~."~~" or "HIGHLY CONFIDENTIAL."

2.~~14~~22 Receiving Party: a Party that receives~~ Disclosure or~~ Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also ~~(1) any information copied or extracted from Protected~~Derivative Material~~; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.~~.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In addition, this Order has no effect upon, and shall not apply to, a Designating Party's use of its own Protected Material for any purpose. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final dispositionFinal Disposition of this litigationAction, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Protected Material for Protection.. Each Party or Non-Party that designates informationDiscovery Material as "CONFIDENTIAL" Discovery Material or items for protection"HIGHLY CONFIDENTIAL" Discovery Material under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communicationsthe Discovery Material that qualify – so that other portions of the material, documents, items, or communicationsDiscovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass,

indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other pParties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or itemsDiscovery Material that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below),, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.such Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains such Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. or, alternatively, by providing written notice to all Outside Counsel of Record within 30 days of receipt of the final transcript by Counsel for the Party or Non-Party claiming confidentiality. The entire transcript of the deposition or other pretrial testimony shall be treated as "CONFIDENTIAL" until the written notice is furnished or the expiration of the 30-day period, whichever is earlier. Only those portions of the testimony that are designated for protection, either on the record or within the 30-day period, shall be covered by the provisions of this Order. If no such designations are made within 30 days, the temporary designation as "CONFIDENTIAL" will expire, and no testimony from the deposition or hearing will be designated for protection. Transcripts containing "CONFIDENTIAL" Discovery Material or "HIGHLY CONFIDENTIAL" Discovery Material shall have a legend on the title page that the transcript contains such designated Discovery Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or itemsDiscovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.Discovery Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a Producing Party produces Discovery Material without properly designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party may subsequently designate such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by delivering to the Receiving Parties promptly upon learning of the production

without the proper designation both (i) written notice of such designation, and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections conferred by this Order. The Receiving Party must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Order prior to its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. that is consistent with the operative scheduling order in the Action and the Court's Civil Standing Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigationAction, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protectivethis Order. The pParties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this ~~case~~Action only for prosecuting, defending, or attempting to settle this ~~litigation~~Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the ~~litigation~~Action has been terminated, a Receiving Party must comply with the provisions of ~~s~~Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a

Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" ~~Information or Items.~~Discovery Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any ~~information or item~~Discovery Material designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record~~ in this action~~, as well as employees and Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this ~~litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A~~Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this ~~litigation~~Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts ~~(as defined in this Order) ~~of the Receiving Party and their employees and/or support staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters, videographers, or stenographers and their staff, professional jury or trial consultants, and mock jurors~~, and Professional Vendors~~ to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A~~),~~) and their counsel, unless otherwise agreed by the Designating Party or ordered by the court~~. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.~~;

(g) the author or recipient of a document containing the information or a custodian or

other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officers, and their support staff, mutually agreed upon by any Parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL" Discovery Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees and Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party and their employees and/or support staff (1) to whom disclosure is reasonably necessary for this litigation; (2) who are not current employees of a Party's competitor; (3) who have not been employees of a Party's competitor within two years of the date of retention; (4) at the time of retention, who have not applied to become, are not interviewing to become, and have not been hired as employees of a Party's competitor; and (5) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters, videographers, or stenographers and their staff, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and their counsel, unless otherwise agreed by the Designating Party or ordered by the court;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officers, and their support staff, mutually agreed upon by any parties engaged in settlement discussions.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any ~~information or items~~Discovery Material designated in this ~~a~~Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this ~~Protective~~ Order. Such notification shall include a copy of this ~~Stipulated Protective~~ Order; and

(c) cooperate with ~~respect to all~~ reasonable ~~procedures sought to be pursued~~efforts by the Designating Party ~~whose~~to maintain the confidentiality of the Protected Material ~~may be affected~~covered by the subpoena or order and, if the Designating Party promptly advises the Receiving Party that it will seek a protective order or other relief to prevent or limit disclosure, maintain the confidentiality of such Protected Material pending resolution of that request, to the extent permitted by law.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to ~~information~~Discovery Material produced by a Non-Party in this ~~a~~Action and designated as "CONFIDENTIAL~~."~~," or "HIGHLY CONFIDENTIAL." Such ~~information~~Discovery Material produced by Non-Parties in connection

with this ~~litigation~~Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce Protected Material from a Non-~~Party's confidential information~~Party in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's ~~confidential information~~Protected Material under such circumstances, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this ~~litigation~~Action, the relevant discovery request(s), and a reasonably specific description of the information requested; ~~and~~

(3) make the information requested available for inspection by the Non-Party~~.~~; and

(4) produce a copy of the confidentiality agreement to the Requesting Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's ~~confidential information~~Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any ~~information~~Protected Material in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this ~~Stipulated Protective~~ Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use ~~its~~ best efforts to retrieve all ~~unauthorized~~such copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. ~~Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.~~

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this ~~Protective~~ Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this ~~Stipulated Protective~~ Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this ~~Protective~~ Order.

12.3. Effect of Stipulation. This Order shall become effective as a stipulation among the Parties immediately upon its execution, whether or not entered by the Court.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the ~~final disposition~~Final Disposition of this ~~action, as defined in paragraph 4~~Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all ~~copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.~~Derivative Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any ~~copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.~~Derivative Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: October 7, 2026

**POMERANTZ LLP**

*/s/ Justin D. D'Aloia*
Jeremy A. Lieberman
Justin D'Aloia
Guy Yedwab
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
jdaloia@pomlaw.com

gyedwab@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiffs and Lead Counsel for the Proposed Class*

**KEHOE LAW FIRM, P.C.**
Michael K. Harnoff
2001 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (954) 916-1202
myarnoff@kehoelawfirm.com

*Additional Counsel for Lead Plaintiffs*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
Devyn Glass
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
aapton@zlk.com
dglass@zlk.com

*Counsel for Plaintiff Jean Luzincourt*

**BRONSTEIN, GEWIRTZ & GROSSMAN**
Peretz Bronstein
Eitan Kimelman
60 East 42nd Street, 46th Floor
New York, NY
Tel: (212) 697-6484
eitank@bgandg.com
peretz@bgandg.com

*Counsel for Plaintiff Payal Dave*

Dated: October 7, 2026

**MORRISON & FOERSTER LLP**

*/s/ Ryan M. Keats*
Jordan Eth
Ryan M. Keats
Michael Komorowski
425 Market Street
San Francisco, California 94105-2482

Telephone: 415.268.7000
Facsimile: 415.268.7522

James R. Hancock
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

*Attorneys for Defendants SoundHound AI, Inc., Keyvan Mohajer, and Nitesh Sharan*

~~IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.~~

**ATTESTATION**

DATED: ______________________ ______________________________

Attorney for Plaintiff

DATED: ______________________ ______________________________

Attorney for Defendant

**PURSUANT TO STIPULATIONLOCAL RULE 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: October 7, 2026 *//s/ Justin D. D'Aloia*

Justin D. D'Aloia

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: DATED: ______________________________

HON. RITA F. LIN
United States District/Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on ~~[date] in the case of ___________ **[insert formal name of the case and the number and initials assigned to it by the court].**~~ ______ in the case of *St. John Family Trust et al. v. SoundHound AI, Inc., et al.*, Case No. 3:25-cv-02915-RFL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________